■ UNION NATIONAL BANK, Respondent, v RONALD A. RUSSO et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered January 10, 1978 in Washington County, which denied defendant's motion to dismiss the complaint, and for a protective order, and granted plaintiff's motion for an order of preclusion. This action was commenced on or about September 6, 1977 to obtain a judgment declaring a deed dated April 21, 1975, from defendant Ronald A. Russo to defendant Ronjac Leasing Corp., and recorded in Book 448 of Deeds at page 824, fraudulent, void and a nullity as to the plaintiff; restraining defendants from selling, disposing of, or, in anyway, encumbering said property; and requiring defendant Ronjac Leasing Corp., to reconvey the property to defendant Ronald A. Russo so that the same may be reached by execution. The complaint alleges the conveyance by defendant Russo to defendant corporation on April 21, 1975 of a parcel of land in the Town of Cambridge, Washington County; that at the time of the conveyance, defendant Russo was indebted to plaintiff; that a judgment in favor of the plaintiff against defendant Russo in the amount of $5,926.25 was obtained in the Supreme Court, Rensselaer County, on December 9, 1975; and that a transcript of the judgment was filed in the Washington County Clerk's office on December 22, 1975. It is further alleged that defendant Russo was subsequently examined under oath, at which time he admitted (1) that he, in fact, received no consideration or cash for the said conveyance; (2) that although he is president of defendant corporation and spent time in the place of business of defendant corporation, he received no salary; (3) that he was not receiving any unemployment, disability benefits, or income from any source; and (4) that he subsisted entirely on his wife's income. The complaint further alleges that the sole purpose of the conveyance by defendant Russo was to divest himself of a valuable asset, and to render himself judgment proof with respect to the debt owed to plaintiff which was subsequently reduced to judgment, and that defendant has no property out of which plaintiff can enforce payment of the judgment. The answer of defendants denied any knowledge or information sufficient to form a belief as to plaintiff's judgment; admitted the conveyance and that it was made at a time when defendant Russo was indebted to plaintiff; denied the alleged examination under oath and admissions; denied any demand for payment of the amount of the judgment; and denied refusal of defendant Russo to pay the same. The answer also contained three affirmative defenses alleging (1) the complaint fails to state a cause of action; (2) the conveyance was for a fair consideration; and (3) at the time of the conveyance defendant Russo was not a defendant in any action by the plaintiff. On or about October 7, 1977, defendants moved for a judgment dismissing the complaint on the ground that it did not state a cause of action, and for an order vacating plaintiff's demand for a bill of particulars, and suspending all disclosure until 10 days after service of notice of entry of an order determining the motion to dismiss upon the ground that such disclosure would prejudice defendants, and cause them unreasonable expense, embarrassment and other disadvantage brought on without just cause. The specific ground for the motion to dismiss, as set forth in the moving affidavit, is that there is no allegation in the complaint that defendant Russo was insolvent at the time of the conveyance. On or about October 28, 1977, plaintiff cross-moved for an order precluding defendants from giving evidence at the trial as to the items for which particulars have not been delivered pursuant to plaintiff's demand. The record does not contain a copy of the demand for a bill of particulars, but it appears that a demand for a bill of particulars was served on or about

September 27, 1977 as to the allegations in the affirmative defenses in defendants' answer. Defendants now contend that the complaint does not contain the necessary elements of a cause of action for a fraudulent conveyance; that an order of preclusion is not available while a motion for a protective order is pending; and that their motion for a protective order should have been granted. Section 273 of the Debtor and Creditor Law provides as follows: "Every conveyance made and every obligation incurred by a person who is or will be thereby insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Section 276 of the Debtor and Creditor Law provides as follows: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Although the complaint herein may not directly allege that defendant Russo was insolvent at the time of the conveyance, or was rendered insolvent by the conveyance as contended by defendants, the implication from the facts alleged is that defendant Russo was rendered insolvent by the conveyance. The complaint alleges that the sole purpose of the conveyance was to strip the defendant of a valuable asset, and to render him judgment proof. While the statutory language of section 276 of the Debtor and Creditor Law is not pleaded, this is a sufficient allegation of an actual intent to hinder, delay or defraud present or future creditors. The complaint, therefore, is sufficient under sections 273 and 276 of the Debtor and Creditor Law. A bill of particulars is not a disclosure device and a motion to suspend disclosure is not properly directed to a bill of particulars. Although the court could have considered the motion as a motion pursuant to CPLR 3042 and extended the time to serve the bill, it was not required to do so. Under the circumstances herein, however, the order of preclusion granted by the court was stayed by the appeal to this court. Since that order is conditioned upon the failure to serve the bill within the time specified therein, such time is extended to the same period after the entry of the order herein. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.