■ DEVORAH A. SEGALL, Respondent, v ALBRECHT HEYER, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about November 2, 1989, which granted plaintiff's motion for reargument/renewal and on reargument/renewal, denied defendant Albrecht Heyer's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff was referred by her doctor to defendant Albrecht Heyer, a nutritionist at defendant Humiston Health Center, to design a proper diet compatible with her allergic conditions. She initially met briefly with defendant Karl E. Humiston, M.D. The only other contact plaintiff had with Dr. Humiston on subsequent visits was the administration of intravenous injections of vitamin C. Plaintiff thereafter met with Heyer who obtained her medical history, and had a blood and a stool test taken and planned her diet. Upon receiving test results, Heyer prescribed a drug called Iodoquinol. The prescription was written by Dr. Humiston on Humiston Center letterhead. Unhappy with the progress of her treatment, plaintiff stopped going to the health center in June 1985, but returned in January 1986. She met with Heyer on January 14, 1986 who performed a "fingernail test", told her she had a different parasite from the one for which she was treated in the past, and prescribed two drugs, Carbarsone and Atabrine, both prescriptions signed by Dr. Humiston on health center letterhead. Plaintiff complained of severe pains upon taking the drugs but claims Heyer told her to continue the medication. She was thereafter admitted to Long Island College Hospital on January 22, 1986 and treated for arsenic poisoning and an allergic drug reaction. She was discharged on January 31, 1986.

Plaintiff commenced this action, alleging two causes of action, medical malpractice and ordinary negligence. Heyer moved to dismiss the complaint on the basis that the allegations of medical malpractice as to him were insufficient as a matter of law, or, in the alternative, for summary judgment for failure to demonstrate that his nutritional advice was the proximate cause for plaintiff's injuries. Plaintiff did not submit an expert's affidavit in opposition to the motion. The court dismissed the action as to Heyer, holding that expert testimony was necessary to establish a prima facie case as the negligence allegations were not within the knowledge of an ordinary layperson.

Plaintiff moved to renew and reargue, which motion included an affidavit of merit from a doctor stating that Heyer's diagnoses and prescriptions were a departure from good and proper medical nutritional practice. The court granted the motion to renew/reargue and withdrew its prior decision, holding that the doctor's affidavit sufficiently established a causal relationship between the plaintiff's injuries and Heyer's alleged negligent advice and treatment.

Heyer now argues that the additional evidence was improperly submitted on the motion to reargue, that without such evidence there was no competent evidence in opposition to the motion for summary judgment, and that his services as a nutritionist did not constitute medical treatment.

Because the additional evidence was not previously before the court, plaintiff's application is properly characterized as one to renew rather than to reargue (Weisse v Kamhi, 129 AD2d 698). In its discretion, a court may grant renewal, in the interest of justice, upon facts known to the movant at the time of the original motion (Pinto v Pinto, 120 AD2d 337). The movant must offer a reasonable excuse for failure to submit the additional evidence on the original motion (Foley v Roche, 68 AD2d 558). Plaintiff offered a valid excuse, explaining that she mistakenly believed expert testimony was not required to withstand a motion for summary judgment in a negligence action. Because of the meritorious nature of the claim and the strong public policy in favor of resolving cases on the merits, the court did not abuse its discretion in granting the motion to renew (see, Rodney v New York Pyrotechnic Prods. Co., 112 AD2d 410).

Contrary to Heyer's contentions, petitioner's claim against him does not sound in medical malpractice but in negligence, i.e., whether he departed from the reasonable standard of care and skill as a nutritionist. Because a question of fact exists as to whether or not Heyer's treatment and advice were the causal connection of plaintiff's injuries, the court was correct in denying summary judgment (Andre v Pomeroy, 35 NY2d 361). Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.