■ AMERICAN CONTINENTAL PROPERTIES, INC., et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant. [608 NYS2d 807] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered July 29, 1992, which granted the plaintiffs' motion for summary judgment, denied the defendant's cross motion for summary judgment and denied, as moot, the defendant's alternative motion for consolidation, unanimously modified, on the law, to deny the plaintiffs' motion for summary judgment, the defendant's motion for consolidation is remitted for determination by the Supreme Court, and otherwise affirmed, without costs; order of same court and Justice, entered on or about August 4, 1992,

which directed the Clerk of New York County to enter judgment in favor of the plaintiffs and to calculate interest thereon, unanimously dismissed as superceded by the above appeal without costs; judgment of the same court and Justice, entered August 5, 1992, in favor of the plaintiffs against the defendant in the sum of $3,993,369.74, unanimously reversed, on the law, and the judgment is vacated, without costs; order of the same court and Justice, entered May 18, 1993, which denied the defendant's motion to renew and reargue and granted, in part, its motion to vacate the judgment to the extent that the parties were directed to resettle the judgment to provide for the time of interest to commence, unanimously reversed, on the law, the facts and in the exercise of discretion, the defendant's motion to renew is granted, and upon renewal, the order granting the plaintiffs' motion for summary judgment is vacated, the motion is denied and the matter is remitted to the Supreme Court for further proceedings, without costs.

The plaintiffs instituted this action against the defendant pursuant to Insurance Law § 3420, which permits an injured party to sue its judgment debtor's insurer to recover an unsatisfied judgment against the insured. On May 24, 1984, the plaintiff American Continental Properties, Inc., acting as the agent for the plaintiff Century Apartments Associates, entered into an architectural services agreement with Michael Lynn & Associates, P. C. ("MLA"). MLA prepared tax lot drawings and calculations for units of a building which the plaintiffs planned to convert to condominium ownership. The plaintiffs were to determine offering prices for the units based, in part, on MLA's calculations.

By agreement dated September 22, 1987, MLA's assets were sold to STV/WAI, Inc. and by agreement dated November 12, 1987, this company assigned its rights to STV/Michael Lynn Associates, Inc. The asset sale agreement required that MLA be added as an additional named insured to the professional liability insurance coverage maintained by STV/WAI, Inc. or its affiliates. By separate agreement, STV/WAI, Inc. and MLA agreed to add MLA as an additional insured, with coverage applying to all of MLA's continuing architectural contracts, including those previously in effect. The policy required the insured to notify the insurer once a claim was asserted.

Coverage included indemnification for liability for errors, omissions, or negligent acts of the insured, provided that "the

Insured has no knowledge of such error, omission or negligent act on the effective date of this Policy."

According to the plaintiffs, in late May or early June of 1988, after the New York State Attorney-General had declared the condominium offering plan effective, and after most of the units in the building had been sold, STV/WAI discovered that MLA's square footage calculations were incorrect. This resulted in the Attorney-General revoking the declaration of the plan's effectiveness, the need to have a new firm remeasure the building, and units being offered at a lower price.

At arbitration, the plaintiffs were successful, receiving an award against MLA. The award was confirmed by a judgment of the Supreme Court. When MLA failed to satisfy the judgment, the plaintiffs made claim on the defendant. However, the defendant refused to pay and the plaintiffs commenced the instant proceeding and moved for summary judgment. The defendant cross moved for summary judgment or, in the alternative, for consolidation of this action with two other pending actions. The defendant maintained that coverage was properly disclaimed because it failed to receive timely notice of the claim.

The Supreme Court granted the plaintiffs' motion for summary judgment and denied the defendant's cross motion based on its conclusion that there was coverage under the policy and that the plaintiffs notified the defendant of the claim as soon as possible. The alternative cross motion for consolidation was denied as moot. The court thereafter issued an amended order directing the Clerk to enter judgment in favor of the plaintiffs.

The defendant moved for renewal and reargument based on purported newly discovered evidence that MLA knew of its miscalculations prior to being added to the policy. This evidence consisted of an answer to an interrogatory, dated May 19, 1992, in a Pennsylvania action between STV and Michael Lynn and MLA, and states that in 1986, MLA received a letter from American Continental Properties expressing some concerns relating to the condominium project. It further states that the problem giving rise to the possible liability of the Lynn defendants first became known in or about May, 1988. The evidence of MLA's prior knowledge also consisted of a May 12, 1987 letter from the plaintiff American Continental's construction manager to a superintendent at the building in question indicating that there were "conflicts between the offering plan and tax lot drawings" on the project and that a copy of this letter was sent to MLA.

The defendant also sought renewal on the basis of an allegedly newly discovered countersignature endorsement to the policy which it contended would show that the policy was issued in Pennsylvania rather than in New York. Based on this evidence, the defendant sought dismissal of the complaint on the ground that Insurance Law § 3420 only applies to policies issued or delivered in New York.

The Supreme Court denied the motion for renewal and reargument but granted vacatur of the judgment to the extent of directing the parties to resettle the judgment to provide that the interest on the judgment commence thirty days from service of notice of entry of the underlying malpractice judgment upon MLA and the defendant.

While we agree with the Supreme Court that the notice of their claim provided by the plaintiffs was timely, based on their efforts to ascertain the existence of insurance and the identity of the carrier (see, Eveready Ins. Co. v Chavis, 150 AD2d 332, 333-334, appeal withdrawn 74 NY2d 844; State of New York v American Natl. Fire Ins. Co., 193 AD2d 996), questions of fact exist concerning coverage under the policy and the applicability of Insurance Law § 3420. Under the circumstances presented, we find that it was an improvident exercise of discretion for the Supreme Court to have denied the defendant's motion for renewal, in light of its excuse for not submitting the evidence earlier, the meritorious nature of the claims, and the strong public policy in favor of resolving cases on the merits (see, Segall v Heyer, 161 AD2d 471; Johnston v National R. R. Passenger Corp. [Amtrak], 161 AD2d 288; Foley v Roche, 68 AD2d 558, 568).

To recover under Insurance Law § 3420, the plaintiffs must establish that the policy sued upon was issued or delivered in New York. The plaintiffs maintain that the policy contains only a New York address for the defendant and refers to it as the company's Executive Offices. The only signatures appearing on the policy are those of the defendant's President and Secretary. The signature page is a pre-printed form which states that "this policy shall not be valid unless countersigned by our authorized representative." The defendant contends that the countersignature endorsement was issued in Pittsburgh and that where such endorsement exists, it is determinative of where a policy was issued. However, the plaintiffs allege that the countersignature endorsement was unnecessary and the policy must be deemed to have been issued in New York where it was signed by the defendant's executives and where a substantial portion of the risk associated with the

policy was located. Questions of fact exist as to whether the policy was issued or delivered in New York or Pennsylvania.

Questions of fact also exist with regard to when MLA learned of its miscalculations. The policy at issue precludes recovery when the insured has knowledge of its error, omission or negligent act on the effective date of the policy. In order for the plaintiffs to recover under Insurance Law § 3420, they must establish the existence of coverage (Royal Zenith Corp. v New York Mar. Mgrs., 192 AD2d 390; Holmes v Allstate Ins. Co., 33 AD2d 96). Ordinarily, the question of prior knowledge of an error, omission or act is a question of fact (see, Schreiber Travel Bur. v Standard Sur. & Cas. Co., 240 App Div 279; Lapierre, Litchfield & Partners v Continental Cas. Co., 59 Misc 2d 20, mod on other grounds 32 AD2d 353). The insured bears the burden of proving that it lacked such knowledge at the time the policy became effective (see, Borg-Warner Corp. v Insurance Co., 174 AD2d 24, lv denied 80 NY2d 753; Lapierre, Litchfield & Partners v Continental Cas. Co., supra).

The Supreme Court erred in its finding that the effective date of MLA's coverage under the policy was December 1, 1986 and in its conclusion that the defendant bore the burden of proving, but failed to prove, that MLA had knowledge of its liability prior to that date. The effective date of MLA's coverage was October 10, 1987 and the plaintiffs, rather than the defendant, had the burden of establishing that MLA lacked knowledge of its error as of that date. Once the court issued its ruling, the defendant attempted to prove MLA's knowledge but the court denied its motion for renewal. As stated previously, the grounds asserted by the defendant in support of its motion for renewal were valid and the court should have granted the motion and considered the proffered evidence.

We also find that a trial is necessary to determine when MLA first learned of its errors, in light of conflicting factual contentions.

Since a trial of this matter is necessary, the defendant's alternative cross motion for consolidation is remitted for determination by the Supreme Court. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.