■ ELIZABETH LEONE, Appellant, v JOSEPH SABBATINO et al., Respondents. [652 NYS2d 628] —In an action pursuant to Debtor and Creditor Law article 10 to set aside certain transfers as fraudulent, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), entered December 1, 1995, which granted the defendants' motion to dismiss the

complaint on the ground that it was barred by the Statute of Limitations.

Ordered that the order is reversed, with costs, the motion is denied, and the complaint is reinstated.

On December 31, 1987, the plaintiff commenced an action against the defendant Joseph Sabbatino (hereinafter Joseph) to collect on a loan that Joseph allegedly had failed to repay. On January 5, 1988, Joseph assigned his interest in certain notes and mortgages to his daughter, the defendant Madelyn Sabbatino (hereinafter Madelyn). In December 1988 the plaintiff obtained a money judgment against Joseph, and in May 1989 she began supplementary proceedings to enforce the judgment. The plaintiff allegedly did not learn of the assignment of the notes and mortgages until after Joseph's examination before trial in September and October 1993, and she commenced the instant action to set aside the transfers in March 1995. The defendants moved to dismiss the complaint on the ground that the action was based on a claim of constructive fraud under Debtor and Creditor Law § 273-a, and therefore was time-barred by the six-year Statute of Limitations under CPLR 213 (1). The court granted the motion and dismissed the complaint.

The court erred in characterizing the instant action as one based on a claim of constructive fraud under Debtor and Creditor Law § 273-a merely because it was commenced after the plaintiff had obtained a money judgment against the defendant Joseph. The complaint alleges that the defendants intentionally participated in the transfers for the sole purpose of hiding Joseph's assets from the plaintiff. "Since the element of scienter is alleged, the fraud cause of action falls into the category of actual as opposed to constructive fraud" *(Bernstein v La Rue,* 120 AD2d 476, 478; *see also, Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353). Since the plaintiff's action is based upon a claim of actual fraud under Debtor and Creditor Law § 276 *(see, e.g., Apple Bank for Sav. v Contaratos,* 204 AD2d 375; *Polkowski v Mela,* 143 AD2d 260), she was entitled to commence her action within either six years from the date of the fraud, or two years from the date of her discovery of the fraud *(see, Bernstein v La Rue, supra).* Since the plaintiff commenced the instant action within two years of her discovery of the allegedly fraudulent transfers, the claims asserted in the complaint were timely interposed.

Moreover, contrary to the defendants' contentions, the allegations of the complaint sufficiently complied with the pleading requirements of CPLR 3016 (b) *(see, Quadrozzi Concrete Corp. v Mastroianni, supra; Grumman Aerospace Corp. v Rice,*

196 AD2d 572), and, pursuant to Debtor and Creditor Law §§ 276 and 278, Madelyn also may be liable if it is established that she was an active participant in the fraud rather than an innocent third party *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122; *Brown v Kimmel,* 68 AD2d 896). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.