(January 28, 1999)

■ WALL STREET ASSOCIATES, Appellant, v EDWARD BRODSKY et al., Respondents. [684 NYS2d 244] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered May 12, 1997, which, upon defendants' CPLR 3211 (a) (7) motion, dismissed plaintiff's second amended legal malpractice complaint, unanimously reversed, on the law, with costs, and plaintiff granted leave to file and serve the third amended complaint. Appeal from order, same court and Justice, entered May 6, 1997, unanimously dismissed as subsumed within the appeal from the judgment. Appeal from order, same court and Justice, entered November 17, 1997, which denied plaintiff's motion, deemed to be one for reargument, unanimously dismissed, without costs, as taken from a non-appealable order.

In the context of a CPLR 3211 motion to dismiss, where we must take the factual allegations of the complaint as true, consider the affidavits submitted on the motion only for the limited purpose of determining whether the plaintiff has stated a claim, not whether he has one and, in the absence of proof

that an alleged material fact is untrue or beyond significant dispute, must not dismiss the complaint (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634-636), we find that plaintiff's allegations are sufficient to support its contentions that its fraudulent conveyance claims were viable and potentially successful when brought to defendants' attention in 1986, that as a consequence, its claims for legal malpractice and breach of contract to perform legal services were sufficiently alleged, and that the motion court erred in granting dismissal of the complaint. We also grant leave to amend the complaint, notwithstanding the motion court's denial of plaintiff's motion for reargument, where plaintiff had previously sought, and the court failed to address, such relief in its opposition to defendants' motion to dismiss, and where the proposed third amended complaint clearly sets forth an adequate basis for plaintiff's claims. It is well-settled that leave to amend should be freely granted (*Dittmar Explosives v A. E. Ottaviano, Inc.*, 20 NY2d 498, 502; *Lambert v Williams*, 218 AD2d 618, 621), and that strong public policy favors resolving cases on the merits (*see, American Continental Props. v National Union Fire Ins. Co.*, 200 AD2d 443, 446; *Segall v Heyer*, 161 AD2d 471, 473).

Plaintiff alleged in its legal malpractice action that defendants successfully obtained for it a $6.1 million judgment in the underlying arbitration proceeding against, *inter alia*, its former general managing partners, Michael Wise and Monroe Friedman, for fraud, conversion, breach of fiduciary duty and negligence, but failed to bring an action against them, pursuant to the Debtor and Creditor Law, to set aside alleged fraudulent conveyances to their spouses of their respective 25% ownership interests in Enseco, Inc. Plaintiff further alleged that these conveyances rendered Wise and Friedman judgment-proof, and resulted in plaintiff's recovery of only $500,000.

The plaintiff in a legal malpractice action must establish that the attorney in question was negligent, that the attorney's negligence was the proximate cause of the loss sustained, and that actual damages were sustained. It must be established that "but for" the attorney's negligence, the underlying action would have succeeded (*Greenwich v Markhoff*, 234 AD2d 112, 114; *Lauer v Rapp*, 190 AD2d 778). In addition, in order to establish the proximate cause and actual damages elements, plaintiff must show that the Statute of Limitations on the underlying claim had run by the time that it discharged defendants as its attorneys (*see, C & F Pollution Control v Fidelity & Cas. Co.*, 222 AD2d 828, 829).

With regard to plaintiff's Debtor and Creditor Law § 273 claim, for example, it had to establish that the debtors made a conveyance, that they were insolvent prior to the conveyance or rendered insolvent thereby, and that the conveyance was made without fair consideration (*United States v McCombs*, 30 F3d 310, 323; *United States v Carlin*, 948 F Supp 271, 277). The motion court, in dismissing the second amended complaint, found that plaintiff failed to plead the existence of a conveyance and did not allege the insolvency element. However, Debtor and Creditor Law § 270 defines "conveyance" broadly and it has been held that the term includes a prospective debtor's arrangement to have stock issued in the name of his wife (*see, Levy v Braverman*, 24 AD2d 430). Applying this definition to the instant matter, where the complaint cites Friedman's arbitration testimony that his Enseco stock was placed in his wife's name to insulate it from anticipated judgment creditors, it is clear that the complaint adequately alleges that a conveyance occurred. The insolvency element can be sufficiently made out from the complaint in that it alleges that Wise and Friedman were judgment-proof when plaintiff attempted to enforce its judgment (*see, Union Natl. Bank v Russo*, 64 AD2d 759, 760). Finally, triable issues of fact were raised as to the fairness of the consideration paid for the conveyance, since the spouses' purchase of the shares at such a favorable price here appears to be dubious. Fairness of the consideration is a question of fact and an intra-family transaction places a heavier burden on defendant to demonstrate fairness (*Liggio v Liggio*, 53 AD2d 543, 549).

Similarly, we find that plaintiff sufficiently asserted claims under Debtor and Creditor Law §§ 275 and 276. Debtor and Creditor Law § 275 provides that: "Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." A claim under this provision requires, in addition to the conveyance and unfair consideration elements established *supra*, an element of intent or belief that insolvency will result (*see, Matter of Shelly v Doe*, 249 AD2d 756). That requirement is satisfied here, at the least as to Friedman, by his aforementioned arbitration testimony that it was his intent that issuance of his shares to his spouse would insulate him from anticipated legal liability.

Debtor and Creditor Law § 276 provides that: "Every conveyance made and every obligation incurred with actual intent, as

distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Debtor and Creditor Law § 276, unlike sections 273 and 275, addresses actual fraud, as opposed to constructive fraud, and does not require proof of unfair consideration or insolvency (see, United States v Carlin, supra). Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on "badges of fraud" to support his case, i.e., circumstances so commonly associated with fraudulent transfers " 'that their presence gives rise to an inference of intent' " (Pen Pak Corp. v LaSalle Natl. Bank, 240 AD2d 384, 386, quoting MFS / Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co., 910 F Supp 913, 935; Matter of Shelly v Doe, 249 AD2d 756, supra). Among such circumstances are: a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance.

Here, the second amended complaint clearly alleges sufficient badges of fraud to support a Debtor and Creditor Law § 276 cause of action: that Wise and Friedman caused a company they organized and controlled, Enseco, to issue their respective 25% shares of its stock to their spouses for a consideration of questionable fairness; that Friedman caused his stock to be transferred to his spouse with the express intent to remove those assets from the reach of anticipated judgment creditors; and that these transfers rendered Wise and Friedman judgment proof.

It should be noted that the third amended complaint and its accompanying submissions are unquestionably sufficient to establish the existence of any and all of the aforementioned Debtor and Creditor Law-based claims. In addition to establishing the elements noted above, it refers to an affidavit by defendant Wise wherein he admits that both his and Friedman's stock transfers to spouses were intended to defeat anticipated creditors, including plaintiff, that the stock transfers were unsupported by consideration, and that the stock, in his case, was purchased with joint marital assets. It also cites to two 1985 Enseco prospectuses which more clearly depict Wise's and Friedman's roles and ownership interests in the company and the nature of the stock transfers. Indeed, the Wise and Friedman admissions alone sufficiently support the pleading requirement for the Debtor and Creditor Law § 276 claim (United

*States v Orozco-Prada*, 636 F Supp 1537, 1541, *affd* 847 F2d 836).

Finally, plaintiff sufficiently alleges that the Statute of Limitations had run on its Debtor and Creditor Law claims by the time it discharged defendants as its attorneys, regardless of whether it proceeded under a constructive fraud theory or an actual fraud theory. New York law provides that a claim for constructive fraud is governed by the six-year limitation set out in CPLR 213 (1), and that such a claim arises at the time the fraud or conveyance occurs (*Federal Deposit Ins. Corp. v Pappadio*, 606 F Supp 631, 632). In cases of actual fraud, however, the claim is timely if brought either within six years of the date that the fraud or conveyance occurs or within two years of the date that the fraud or conveyance is discovered or should have been discovered, whichever is longer (CPLR 203 [g]; *Leone v Sabbatino*, 235 AD2d 460, 461; *Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305, *lv denied* 86 NY2d 710; *Bernstein v La Rue*, 120 AD2d 476, 478, *lv dismissed* 70 NY2d 746). Here, the alleged fraudulent transfer of Enseco shares took place in 1984 and the plaintiff discovered it in 1986. Thus, the time limitation on plaintiff's claim had clearly expired by 1994, which was the approximate time defendants' representation of plaintiff ceased. Defendants' reliance on Debtor and Creditor Law §§ 273-a and 278, in asserting that the claim accrued at the time the judgment was obtained and thus had not expired when the attorney-client relationship ended, is misplaced here where it is not alleged that the arbitration of the fraudulent conveyance claims herein was pending against Wise and Friedman at the time of the conveyances (*see, Leone v Sabbatino, supra*). Concur—Rosenberger, J. P., Williams, Andrias and Saxe, JJ.