■ LIBERTY COMPANY, Appellant, v ROBERT E. BOYLE et al., Respondents, et al., Defendants. [708 NYS2d 122] —In an action pursuant to Debtor and Creditor Law article 10 to set aside certain transfers as fraudulent, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 25, 1999, as granted the motion of the defendants Robert E. Boyle, Carol E. Boyle, Rogene Industries, Inc., and Rocar Realty Northeast, Inc., pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them, and (2) from a judgment of the same court entered March 11, 1999, which dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting the provision thereof dismissing the complaint in its entirety insofar as asserted against the respondents and substituting therefor provisions (1) dismissing the first through fifth, and seventh causes of action to the extent that they relate to the 1973 conveyance by Robert E. Boyle to his wife of the parcel of real property known as South Mountain Pass, located in Peekskill, New York, (2) dismissing the first through fourth causes of action to the extent that they relate to the 1989 conveyance by Robert E. Boyle of his partnership interest in West Liberty Group II, and (3) dismissing the sixth and eighth causes of action; as so modified, the judgment is affirmed, and the order entered February 25, 1999, is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In or about December 1989, the plaintiff commenced an action in the Superior Court, Windsor County, Vermont, against, among others, the defendant Robert E. Boyle (hereinafter Boyle). In February 1996, a judgment in the total sum of $315,700 was entered in favor of the plaintiff. In August 1998, the plaintiff commenced this action pursuant to Debtor and Creditor Law article 10 to set aside three conveyances involving various defendants under theories of both constructive and actual fraud.

The Supreme Court erred in determining that it lacked jurisdiction with respect to Boyle's transfer in 1989 of his partnership interest in West Liberty Group II. In December 1989, the same month that the plaintiff's Vermont action was filed, Boyle assigned his 100% interest in a New Jersey partnership, West Liberty Group II, whose sole asset was a Florida condominium, to his wife and children for stated consideration of $10. This transfer occurred in New York. Boyle, a New York domiciliary, was thereafter served in New York with the instant complaint seeking, *inter alia*, to set aside that conveyance. New York has jurisdiction over the conveyance. The fact that the assets of the New Jersey partnership consisted solely of real property in Florida does not prohibit New York from asserting jurisdiction under the Debtor and Creditor Law, although a proceeding in Florida may have to be commenced to execute on any judgment entered in New York (*see,* CPLR 302 [a] [2]; *Moore Adv. Agency v I.H.R., Inc.,* 114 AD2d 484; *Neilson v Martorano,* 36 AD2d 625).

A cause of action based on constructive fraud in New York is governed by a six-year Statute of Limitations (*see,* CPLR 213 [8]), and such a cause of action arises at the time the fraudulent conveyance occurs (*see, Wall St. Assocs. v Brodsky,* 257 AD2d 526, 530). A cause of action based on actual fraud pursuant to Debtor and Creditor Law § 276 must be brought within six years of the date that the fraud or conveyance occurs or within two years of the date that the fraud should have been discovered, whichever is longer (*see, Wall St. Assocs. v Brodsky, supra; Leone v Sabbatino,* 235 AD2d 460; *Ghandour v Shearson Lehman Bros.,* 213 AD2d 304). The plaintiff's causes of action based on actual and constructive fraud insofar as they relate to an alleged fraudulent conveyance in 1973 of property located in Peekskill are barred by the Statute of Limitations. The plaintiff's causes of action based on constructive fraud challenging the 1989 conveyance by Boyle of his partnership interest in West Liberty Group II are also barred by the Statute of Limitations. Since it cannot be determined, however, as a matter of law, whether the plaintiff's cause of action based on actual fraud as it relates to Boyle's 1989 transfer of his partnership interest could have been discovered before 1998, this cause of action is reinstated.

The court erred in granting the motion to dismiss the plaintiff's cause of action based on constructive and actual fraud for failure to state a cause of action with respect to the 1993 conveyance of a commercial lease from the defendant Rogene Industries, Inc. (hereinafter Rogene) to the defendant

Rocar Realty Northeast, Inc. (hereinafter Rocar). In April 1993, Boyle in his capacity as President of Rogene transferred a commercial lease to Rocar, a corporation in which his wife is the sole shareholder, for stated consideration of $1. In support of their motion to dismiss, the defendants contended that this conveyance was supported by fair consideration as Rogene owed Rocar an antecedent debt. While an antecedent debt may constitute fair consideration (*see, American Inv. Bank v Marine Midland Bank,* 191 AD2d 690), here, in support of their motion to dismiss, the defendants failed to proffer any documentary evidence of the antecedent debt. Accordingly, the plaintiff's cause of action based on this transfer cannot be dismissed as a matter of law (*see generally, Leon v Martinez,* 84 NY2d 83, 87-88).

The court properly dismissed the plaintiff's sixth and eighth causes of action as they failed to state a claim for which relief may be granted (*see,* CPLR 3211 [a] [7]; 8302 [b]). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.