(September 19, 2002)

■ Estate of Byrdie Goldman, Deceased, Respondent, v Carol Goldman et al., Appellants. [747 NYS2d 151]

A fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495), including defendants' admissions, supports the trial court's findings that the challenged transfers from defendant Donald Goldman to his wife and codefendant herein were both presumptively and actually fraudulent as to his creditors, including plaintiff, which had actions pending against him at the time of the transfers (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 528-529). The trial court correctly ruled, citing the definition of "creditor" in Debtor and Creditor Law § 270, that a docketed judgment is not a prerequuisite to a fraudulent transfer. While the restraint stricken from one of the judgments against defendant Donald Goldman applied to transfers "made through" his law firm, contrary to defendants' contention, Donald Goldman continued to be restrained from transferring any part of the firm itself. We have considered and rejected defendants' other contentions. Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.