MICHAEL JALIMAN et al., Appellants, v D.H. BLAIR & Co. INC., Also Known as HARRIS & PARKS, INC., Respondent. [964 NYS2d 112]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 17, 2011, which (1) granted defendant's motion to reargue and, upon reargument, vacated its prior order, entered September 30, 2010, permitting plaintiffs to amend their complaint to add D.H. Blair Investment Banking Corp. (Investment Banking) as a defendant and to add a cause of action for fraudulent conveyance, and (2) denied as moot plaintiffs' cross motion for leave to amend, unanimously affirmed, without costs.

When the court made its September 2010 order, plaintiffs had not yet submitted their proposed amended complaint. Therefore, the court did not improvidently exercise its discretion (*see Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979]) by granting reargument, even though defendant raised the statute of limitations for the first time on its motion to reargue.

The court properly found that plaintiffs' proposed fraudulent conveyance claim—based on the sale of assets from defendant

to Investment Banking, allegedly without fair consideration—was time-barred. The affidavit that plaintiff Michael Jaliman submitted in opposition to defendant's motion to reargue clarified that plaintiffs were relying on Debtor and Creditor Law § 273. That statute involves constructive fraud, not actual fraud (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1st Dept 1999]). "New York law provides that a claim for constructive fraud is governed by the six-year limitation set out in CPLR 213 (1), and that such a claim arises at the time the fraud or conveyance occurs" (*Wall St. Assoc. v Brodsky*, 257 AD2d 526, 530 [1999]). The conveyance occurred in 1992. Thus, the statute of limitations on plaintiffs' fraudulent conveyance claim ran in 1998, more than a decade before they moved to amend their complaint in 2009. The court did not have to reach the issue of inquiry notice because that concept applies only to claims of actual—as opposed to constructive—fraud (*see e.g. Wall St. Assoc.*, 257 AD2d at 529).

Even if, arguendo, plaintiffs had pleaded a fraudulent conveyance claim based on actual fraud, they had a duty of inquiry which arose in 1999, when they learned that defendant had been sold (*see generally Gutkin v Siegal*, 85 AD3d 687, 688 [1st Dept 2011]; *TMG-II v Price Waterhouse & Co.*, 175 AD2d 21, 22-23 [1st Dept 1991], *lv denied* 79 NY2d 752 [1992]).

Second, even if, arguendo, plaintiffs' fraudulent conveyance claim was timely, the bare allegation in the amended complaint that "[t]here was a fraudulent conveyance of assets from [defendant] to Investment [B]anking" fails to state a cause of action for fraudulent conveyance (*see e.g. NTL Capital, LLC v Right Track Rec., LLC*, 73 AD3d 410, 412 [1st Dept 2010]). In addition, plaintiffs' mere belief that defendant transferred assets to Investment Banking without fair consideration does not suffice (*see C&K Realty Co. v ISFC Fabrics Corp.*, 66 AD2d 697, 698 [1st Dept 1978]).

Third, even if—hypothetically—plaintiffs' fraudulent claim were both timely and properly pleaded, defendant and Investment Banking would be prejudiced by the addition of a new theory of liability because discovery on the original claims has been closed, a date for filing the note of issue has been set, and plaintiffs have sought to assert their new theory sixteen years after filing their original complaint (*see Panasia Estate, Inc. v Broche*, 89 AD3d 498 [1st Dept 2011]; *Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 22-23 [1st Dept 2003]).

We turn to the question of whether Investment Banking should be added as a defendant on plaintiffs' original claims, i.e., the claims other than fraudulent conveyance. The court has

already allowed plaintiffs to add Harris & Parks Inc. as a defendant on the theory that Harris & Parks is defendant's successor. It would be odd if defendant had two successors (Harris & Parks and Investment Banking). In any event, plaintiffs' proposed amended complaint does not satisfy the requirements for successor liability set forth in *Schumacher v Richards Shear Co.* (59 NY2d 239, 244-245 [1983]); plaintiffs have "failed to allege facts that would support [their] successor liability claim" (*Worldcom Network Servs. v Polar Communications Corp.*, 278 AD2d 182, 183 [1st Dept 2000]).

Plaintiffs' argument that they should be allowed to add Investment Banking as a defendant based on the relation back doctrine (*see* CPLR 203 [b]) is improperly raised for the first time in their appellate reply brief (*see e.g. Shia v McFarlane*, 46 AD3d 320, 321 [1st Dept 2007]). Were we to reach the merits, we would find that plaintiffs fail to satisfy the requirements of *Buran v Coupal* (87 NY2d 173, 178 [1995]). For example, defendant and Investment Banking are not united in interest because one is not vicariously liable for the other, even if they have the same officers (*see Valmon v 4 M & M Corp.*, 291 AD2d 343, 344 [1st Dept 2002], *lv denied* 98 NY2d 611 [2002]).

In light of our disposition, plaintiffs' request that we direct the IAS court to compel discovery on the transfer of assets from defendant to Investment Banking and the relationship between the two companies is moot. In any event, it would be improper because the order appealed from does not concern discovery. Concur—Tom, J.P., Acosta, Román, Feinman and Clark, JJ.