Greenstreet of N.Y., Inc. v Davis (2018 NY Slip Op 07837)





Greenstreet of N.Y., Inc. v Davis


2018 NY Slip Op 07837


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7637 655085/16

[*1]Greenstreet of New York, Inc., Plaintiff-Respondent,
v
Lorna Davis, et al., Defendants, D.F. Gibson Architects, P.C., et al., Defendants-Appellants.


Byrne & O'Neill, LLP, New York (Albert Wesley McKee of counsel), for appellants.
Muchmore & Associates PLLC, Brooklyn (Maximillian Travis of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 2, 2017, which, to the extent appealed from, denied the motion of defendants D.F. Gibson Architects, P.C. (Gibson) and Ysrael A. Seinuk, PC (Seinuk) to dismiss the cause of action alleging negligence, unanimously affirmed, without costs.
Whether characterized as professional malpractice or negligent misrepresentation, the central issue is whether plaintiff has sufficiently alleged a relationship of privity with Gibson and Seinuk, or the functional equivalent of privity, to impose a duty owed on them in relation to plaintiff (see North Star Contr. Corp. v MTA Capital Constr. Co., 120 AD3d 1066, 1069 [1st Dept 2014]; Bullmore v Ernst & Young Cayman Is., 45 AD3d 461, 464 [1st Dept 2007]).
Here, the court properly determined that the amended complaint, as amplified by the affidavit from plaintiff's president (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 526-527 [1st Dept 1999]), has adequately asserted such a relationship. Plaintiff alleges that it had direct communications with Gibson and Seinuk during the course of the project; that defendants were aware that the drawings submitted were incorrect insofar as Gibson failed to reference structural insulated panels (SIPs); that Seinuk negligently advised plaintiff to back the SIPs with plywood out of concern for wind shear and failed to advise plaintiff that doing so would violate the New York City Building Code; that Gibson and Seinuk knew that plaintiff would rely on their drawings and representations; and that plaintiff reasonably relied on these representations (see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 425 [1989]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK