19-1124-cv
*Ray v. Ray, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

Present:
    REENA RAGGI
    DEBRA ANN LIVINGSTON,
    WILLIAM J. NARDINI,
        *Circuit Judges*.

---

AMES RAY,

                *Plaintiff-Appellant*,

            v.                                          19-1124-cv

CHRISTINA RAY, JOHN DOE AND GUARNERIUS
ENTITIES 1–10,

                *Defendants-Appellees*.

---

For Plaintiff-Appellant:            RITA W. GORDON, New York, NY

For Defendant-Appellee Christina Ray:   DONALD E. WATNICK, New York, NY


Appeal from a judgment of the United States District Court for the Southern District of

New York (Daniels, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ames Ray ("Ames") appeals from a March 28, 2019 order of the United States District Court for the Southern District of New York (Daniels, *J.*) granting Defendant-Appellee Christina Ray's ("Christina") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The case on appeal is the latest in a series of lawsuits brought by Ames against Christina, his ex-wife, for breach of contract and fraudulent conveyance, and the first of these actions brought in federal court. Ames seeks to set aside certain transfers of funds from Christina to Defendants-Appellees John Doe Guarnerius Entities 1–10 (the "JDG Entities") on the basis that the transfers are constructive or intentional fraudulent conveyances under New York law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

## I. Constructive Fraudulent Conveyance

On appeal, Ames challenges the district court's dismissal of his constructive fraudulent conveyance claims under New York Debtor and Creditor Law ("NYDCL") §§ 273 and 275. We review the district court's grant of a motion to dismiss *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering claims rooted in New York law, we determine the applicable legal principles *de novo. In re Sharp Int'l Corp.*, 403 F.3d 43, 49 (2d Cir. 2005). In so doing, we "afford[] the greatest weight to decisions of the New York Court of Appeals." *Id.* (quoting *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997)). If that court has not spoken on the relevant question, we apply the law as interpreted by the Appellate Division of the New York Supreme Court unless we are persuaded that the Court of Appeals would rule differently if presented with the same issue. *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 521 (2d Cir. 2016).

NYDCL §§ 273 and 275 provide creditors with two paths to allege that a debtor's conveyance was constructively fraudulent. Each requires a showing that the debtor made the transfer in question without fair consideration in the presence of one of two additional circumstances. NYDCL §§ 273, 275. Under § 273, the creditor must also show that the debtor "is or will be [] rendered insolvent [by the transaction]." NYDCL § 273. Under § 275, the creditor must also show that the debtor "intends or believes that he will incur debts beyond his ability to pay as they mature."[1] NYDCL § 275. In this case, however, Ames has failed to allege facts supporting the absence of fair consideration and, therefore, has not adequately pleaded a claim under either section.

A debtor has received "fair consideration" if the following three elements are satisfied: "first, the recipient of the debtor's property must either convey property in exchange or discharge

---

[1] We briefly note that all sections of the NYDCL relevant to this appeal have been repealed and replaced—effective April 4, 2020—by an act of the New York legislature approved on December 6, 2019. *See* 2019 N.Y. Sess. Laws Ch. 580 (McKinney). The new provisions, however, will "not apply to a transfer made or obligation incurred before" the act's effective date, "nor shall [they] apply to a right of action that has accrued before [that] effective date." *Id.*

3

an antecedent debt in exchange; second, such exchange must be a fair equivalent of the property received; and third, such exchange must be in good faith." *United States v. Watts*, 786 F.3d 152, 164 (2d Cir. 2015) (quoting *In re Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005)) (internal quotation marks and alterations omitted). In his complaint, Ames alleges that the "[t]ransfers by [Christina] to the JDG Entities . . . were not made in payment of an antecedent debt and thus were not made for fair consideration . . . ." J.A. 26. Not only is this little more than a "[t]hreadbare recital[]" of (one of) the statutory elements, *see Iqbal*, 556 U.S. at 678, but it also fails to allege—even superficially—that Christina received nothing in exchange for the transfers. Moreover, in his appellate briefing, Ames does not argue that he adequately pleaded a lack of good faith, requiring reversal of the district court's determination to the contrary. In any case, we conclude that Ames has *not* sufficiently alleged a lack of good faith in connection with the transfers at issue. Although the complaint later refers to Christina's having "made the[] transfers to the JDG Entities without consideration," J.A. 26, it contains no factual allegations to "nudg[e] th[at] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.[2] Ames's failure to plead a lack of consideration forecloses his claims under both §§ 273 and 275.

---

[2] Ames argues throughout his appellate briefing that where necessary facts "are peculiarly within the possession and control of the defendant," he is entitled to allege facts upon information and belief. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). But this does not give him *carte blanche* to make baseless assumptions about otherwise permissible conduct. *See RTN Networks, LLC v. Telco Grp., Inc.*, 126 A.D.3d 477, 478 (1st Dep't 2015) ("Plaintiff's 'mere belief' that [the debtor] transferred its assets without fair consideration is insufficient."); *Jaliman v. D.H. Blair & Co., Inc.*, 105 A.D.3d 646, 647 (1st Dep't 2013) (same); *cf. Arista*, 604 F.3d at 120 ("Because the . . . complaint's factual allegations described only actions that were . . . doctrinally consistent with lawful conduct, the conclusory allegation on information and belief that the observed conduct was the product of an unlawful agreement was insufficient to make the claim plausible.").

4

**II. Intentional Fraudulent Conveyance**

Ames also argues that the district court erred in dismissing his claim under NYDCL § 276, which deems conveyances made "with actual intent . . . to hinder, delay, or defraud either present or future creditors" fraudulent. NYDCL § 276. Pursuant to Federal Rule of Civil Procedure 9(b), Ames's complaint must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To survive a motion to dismiss, the facts supporting general allegations of "actual intent to hinder, delay, or defraud" must be "pled with specificity." *See Sharp*, 403 F.3d at 56 (internal quotation marks omitted); *see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004) ("[T]he plaintiffs must allege facts that give rise to a *strong* inference of fraudulent intent . . . ." (emphasis in original) (internal quotation marks omitted)).

"Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on 'badges of fraud' . . . *i.e.*, circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent." *Sharp*, 403 F.3d at 56 (internal quotation marks omitted). Badges of fraud may include, *inter alia*, "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance." *Wall St. Assocs. v. Brodsky*, 257 A.D.2d 526, 529 (1st Dep't 1999). But "the presence of one or more badges of fraud does not necessarily compel the conclusion that a conveyance is fraudulent." *A&M Global Mgmt. Corp. v. Northtown Urology Assocs., P.C.*, 115 A.D.3d 1283, 1288–89 (4th Dep't 2014).

The district court properly found that Ames has not plausibly pleaded intent—with or without the use of "badges of fraud"—with sufficient specificity to survive a motion to dismiss.

5

On appeal, Ames argues that he has sufficiently alleged that Christina and the JDG Entities shared a "close relationship," that Christina had admitted knowledge of her debts to Ames, and that she had engaged in a decades-long fraudulent course of conduct by evading his attempts to recover payment. None of these allegations, however, is sufficient to state a claim for fraudulent conveyance. First, Ames's pleading suggests that Christina's relationship with the JDG Entities is nothing more than a contractual arrangement pursuant to which she provided the JDG Entities with consulting services in exchange for a salary and a share of their profits. Second, Ames's allegations that Christina acknowledged the debts on a phone call two years after the transfers at issue, and made clear her intent not to pay him, are insufficient to allege that she made the transfers with actual intent to commit fraud.[3] *See First Capital,* 385 F.3d at 179–80 ("[A]llegations of motive and opportunity alone [do not] suffice"); *see also Wall St. Assocs.*, 257 A.D.2d at 529 (identifying the relevant badge not as mere knowledge of a debt, but as "knowledge of the creditor's claim *and the inability to pay it*" (emphasis added)). This is particularly true because, at the time of the transfers, the parties were actively litigating the validity of the debts in a decades-old action that remains ongoing in the courts of New York. Christina's participation in this litigation likewise defeats Ames's claim that her failure to pay the debts is sufficient to allege her fraudulent intent. Refusing payment while the New York courts determine the debts' enforceability in the first place hardly gives rise to a plausible inference of fraud. Because Ames has failed to raise a strong

---

[3] Indeed, the Appellate Division of the New York Supreme Court, First Judicial Department, has already upheld the dismissal of an earlier fraudulent conveyance action, in which Ames relied on the same evidence to allege Christina's fraudulent intent in connection with a different set of transfers. *See Ray v. Ray*, 158 A.D.3d 578, 579 (1st Dep't 2018) ("[T]he complaint does not plead intent to defraud sufficiently to support a claim under [DCL] § 276."). The allegations are no more plausible here than they were in that unsuccessful action.

inference of Christina's intent to commit fraud, he has failed to meet his burden under Rule 9(b) and, consequently, to state a claim for fraudulent transfer under NYDCL § 276.

We have considered Ames's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk