Kocak v Dargin (2021 NY Slip Op 06084)





Kocak v Dargin


2021 NY Slip Op 06084


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 652072/16 Appeal No. 14582-14582A Case No. 2020-04151, 2020-04975 

[*1]Ismail Kocak, Plaintiff-Respondent,
v
Ayhan Dargin, et al., Defendants-Appellants, John Doe, Defendant.


Law Offices of Thomas F. Liotti, LLC Garden City (Thomas F. Liotti of counsel), for appellants.
Rosenfeld & Kaplan, LLP, New York (Nicole E. Meyer of counsel), for respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered September 25, 2020, which granted plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment, unanimously modified, on the law and upon a search of the record, to grant plaintiff summary judgment dismissing the counterclaims, and otherwise affirmed, with costs against defendants-appellants. Appeal from order, same court and Justice, entered December 11, 2020, which denied defendants' motion, deemed to be one for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
Defendant-appellant Ayhan Dargin may not use parol or extrinsic evidence to contradict the plain, unambiguous terms of the Baba's stock transfer agreement and the employment contract. Resort to extrinsic evidence "is inappropriate . . . [if] the language of the contract is plain and unambiguous" (American Express Bank v Uniroyal, Inc., 164 AD2d 275, 278 [1st Dept 1990], lv denied 77 NY2d 807 [1991]). The employment contract at issue unambiguously states, "As compensation for the services rendered, Employee [i.e., plaintiff] shall receive a net monthly salary of $2,500.00." Consequently, Dargin may not rely on parol evidence to show that the $2,500 monthly payment was actually to buy additional shares not already transferred in the stock purchase agreement (see e.g. Thomas v Scutt, 127 NY 133, 136 [1891]; Stage Club Corp. v West Realty Co., 212 AD2d 458, 459 [1st Dept 1995]).
Dargin's contention that plaintiff's claims are barred by the statute of frauds (General Obligations Law § 5-701[a][1]) is unavailing. Plaintiff's complaint relies on the fact that the written employment contract has not been terminated and therefore remains in effect.
Plaintiff — now the minority shareholder of Baba's — established his entitlement to summary judgment as to Dargin's (the majority shareholder) liability for breach of fiduciary duty (see Gjuraj v Uplift El. Corp., 110 AD3d 540 [1st Dept 2013] [majority shareholder breached fiduciary duty to the plaintiff minority shareholder by (1) distributing profits without making distribution to the plaintiff and (2) "closing out the corporation's bank account on which plaintiff was a signatory and opening another corporate account on which plaintiff was not a signatory"]).
Plaintiff also established that dissolution of Baba's was appropriate under Business Corporation Law § 1104-a. Dargin transferred Baba's lease, first to Munzur LLC (which he co-owned with his sister), then to Rojava LLC (which he owned by himself). He also stopped using Baba's bank account as the operating account for the restaurant; instead, he used Munzur's (and then Rojava's) bank account. According to the written contracts, plaintiff continues to own 25% of Baba's shares; thus it was improper for Dargin to distribute the profits from the restaurant solely to himself (via Munzur).
Dargin notes that former Debtor and Creditor Law §§ 274 and [*2]276, upon which plaintiff relies, were repealed as of April 4, 2020. However, the prior version of the Debtor and Creditor Law "will continue to apply to actions to avoid transactions that occurred prior to" that date (James Gadsen & Alan Kolod, Practice Commentaries, McKinney's Cons Laws of NY, Book 12, Debtor and Creditor Law art 10, 2021 Pocket Part at 35). Sufficient badges of fraud are present in this case (see Matter of Setters v AI Props. & Devs. [USA] Corp., 139 AD3d 492, 493 [1st Dept 2016]; Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]).
Plaintiff's breach of fiduciary and Debtor and Creditor Law claims are not duplicative. Among other things, plaintiff seeks different relief under the two types of claims. He seeks compensatory and punitive damages for breach of fiduciary duty, but he seeks to set the fraudulent conveyances aside. The Debtor and Creditor Law § 276 claim also seeks attorney's fees pursuant to Debtor and Creditor Law § 276-a.
The motion court properly dismissed so much of the second counterclaim as sought a declaration that Dargin is the sole owner of Baba's, as this counterclaim is conclusively refuted by the stock transfer agreement and the employment contract. Further, upon a search of the record (see e.g. 80P2L LLC v U.S. Bank Trust, N.A., 194 AD3d 593 [1st Dept 2021]), we find that summary judgment should be granted dismissing the counterclaims in their entirety.
To the extent the counterclaims allege that plaintiff was unjustly enriched because he received $2,500 a month but failed to perform services as Baba's marketing and business development manager, an unjust enrichment claim will not lie where an express contract covers the subject matter (see e.g. Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]; Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc., 119 AD3d 136, 148 [1st Dept 2014]).
To the extent the first counterclaim alleges that plaintiff committed fraud by failing to pay corporate taxes prior to the date of the stock transfer agreement, Dargin failed to raise a triable issue of fact as to scienter. To the extent the first counterclaim alleges that plaintiff breached his fiduciary duty, plaintiff did not owe Dargin such a duty before February 1, 2012, i.e., before Dargin became a shareholder of Baba's (see Simon v 160 W. End Ave. Corp., NYLJ, Sept. 3, 2003, at 17, col 3 [Sup Ct, NY County]). Any failure on plaintiff's part to file Baba's tax returns and pay Baba's taxes would have occurred before February 1, 2012.
We have considered Dargin's remaining arguments and find them unavailing.
Although defendants' second motion purported to be to renew and reargue, it was actually only to reargue because defendants submitted no new evidence. The court treated it as a reargument motion, and Dargin's arguments on appeal deal only with reargument, not renewal. However, the denial of reargument is not appealable (see e.g. Gjuraj, 110 AD3d at 540; Wall St., 257 AD2d at 526).[*3]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021