Matter of Fodor v Esposito (2022 NY Slip Op 05787)

Matter of Fodor v Esposito

2022 NY Slip Op 05787

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Oing, J.P., Kennedy, Scarpulla, Mendez, JJ. 

Index No. 150546/21 Appeal No. 16455 Case No. 2022-00708 

[*1]In the Matter of Peter Fodor, M.D., Petitioner-Appellant,
v
Frank M. Esposito et al., Respondents-Respondents, Finest Automobile Auctions, LLC, Respondent.

Berry Law PLLC, New York (Eric W. Berry of counsel), for appellant.
Esposito Partners, New York (Frank M. Esposito of counsel), for Frank M. Esposito, and Esposito PLLC, respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about July 23, 2021, which denied and dismissed the petition to enforce a money judgment petitioner obtained against respondent Finest Automobile Auctions, LLC against respondents Frank M. Esposito and Esposito, PLLC d/b/a Esposito Partners, PLLC, unanimously affirmed, without costs.
In this turnover proceeding, petitioner seeks to enforce, against Esposito and his firm, a default judgment he obtained against Finest and its founder Bradley Farrell. Esposito served as Finest's general counsel. Petitioner asserts claims against Esposito and his firm pursuant to Debtor and Creditor Law § 273, which requires insolvency, and Debtor and Creditor Law § 276.[FN1]
The court correctly denied the petition and dismissed the proceeding, as petitioner failed to make a prima facie case (see CPLR 409[b]; New 110 Cipriani Units, LLC v Board of Mgrs. of 110 E 42nd St. Condominium, 166 AD3d 550, 551 [1st Dept 2018], lv denied 34 NY3d 902 [2019]). The petition failed to demonstrate that Finest was insolvent at the time of the payments to Esposito, that Esposito did not perform sufficient services to justify the fees he collected from Finest, or that the engagement agreement between Esposito and Finest was a forgery (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 528 [1st Dept 1999]). In addition, petitioner failed to show badges of fraud to support a claim under Debtor and Creditor Law § 276 (see id. at 529). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022

Footnotes

Footnote 1: Because the alleged fraudulent transfers took place before the effective date of the 2019 amendments to the Debtor and Creditor Law (see L. 2019, c. 580, § 2), the pre-amendment version of the statutes applies.