■ 3 EAST 54TH STREET NEW YORK, LLC, a New York Limited Liability Company, Appellant-Respondent, v PATRIARCH PARTNERS, LLC, Respondent-Appellant and PATRIARCH PARTNERS AGENCY SERVICES, LLC, et al., Respondents. [934 NYS2d 126]—

Plaintiff owns a building in which it leased space to defendants Petry Television, Inc., and Blair Television, Inc. (the Petry

Tenants). The first cause of action in the complaint alleges breach of contract against the Petry Tenants based on unpaid rent. An additional 15 causes of action are asserted variously against the Petry Tenants and several other defendants, both corporate and individual. The gravamen of the complaint is that the other defendants, who are primarily the secured creditors of the Petry Tenants pursuant to a loan agreement initially entered into two years before the lease was signed, participated in a fraudulent scheme to loot the assets of the Petry Tenants, thereby rendering them judgment-proof shells unable to pay contract creditors such as plaintiff.

The complaint does not allege that the initial loan was fraudulent or that the subsequent purchase of the loan by certain of the other defendants was fraudulent. Plaintiff does not dispute that the Petry Tenants pledged substantially all of their assets as collateral for additional loans in 2003 or that the other defendants have put substantially more money into the Petry Tenants than they have received in return. Plaintiff merely asserts, without explanation, that a 2003 public sale of the assets of the Petry Tenants' holding company, Petry Media, and subsequent loan refinancings and amendments to the agreement were fraudulent and in violation of the Debtor and Creditor Law, inter alia, and challenges the validity of the loan payments resulting from these refinancings and amendments.

Plaintiff does not explain how the disputed transactions, which occurred almost four years after the lease was entered into and five years before the alleged breach, amounted to a scheme to cheat it out of the rent it was owed. Plaintiff does not explain what made the public sale or the loan repayments to secured creditors fraudulent. Plaintiff does not allege exactly which defendant engaged in what activity and when, in furtherance of the alleged fraud. Plaintiff simply states that everyone who was involved in any way with the 2003 transaction participated in fraudulent activity.

Contrary to plaintiff's contention, these bare legal conclusions, especially as they concern claims of fraud, are not entitled to be accepted as true on a motion to dismiss on the pleadings (*see Starr Found. v American Intl. Group, Inc.*, 76 AD3d 25, 42 [2010]; *Kliebert v McKoan*, 228 AD2d 232, 232 [1996], *lv denied* 89 NY2d 802 [1996]). A fortiori, they are insufficient to defeat a motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Plaintiff's motion for leave to renew Patriarch Partners, LLC's motion for summary judgment as to the second cause of action based on a theory of alter ego liability must be denied for

failure to present evidence of fraud (*see Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v Wood*, 752 A2d 1175, 1184 [Del Ch 1999]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.