Order, Supreme Court, New York County (Paul G. Feinman, J.), entered July 30, 2012, which granted defendant Petry Holding Inc.’s motion to dismiss the first amended complaint as against it, unanimously affirmed, without costs.
Supreme Court properly dismissed the first amended complaint as against defendant Petry Holding Inc. on the ground that plaintiff is collaterally estopped from attempting to litigate the merits of its claims against Petry Holding again (CPLR 3211 [a] [5]; see W.O.R.C. Realty Corp. v Town of Islip, 104 AD3d 677 [2d Dept 2013]). Plaintiff’s argument that Petry Holding cannot invoke collateral estoppel because it “was not even a named party” is erroneous because only the party sought to be collaterally estopped must have been a party to the action *517 when the prior determination was made (see Buechel v Bain, 97 NY2d 295, 307 [2001], cert denied 535 US 1096 [2002]; Siegel, NY Prac § 458 at 795 [5th ed 2011]). New York has long ago abandoned the “mutuality of estoppel” requirement (Buechel at 307; B. R. DeWitt, Inc. v Hall, 19 NY2d 141, 147 [1967] [“the ‘doctrine of mutuality’ is a dead letter”]; see Siegel, NY Prac § 460 at 797-798 [5th ed 2011]).
Plaintiff has clearly always been a party to this action, and it was afforded at least three full and fair opportunities to litigate the merits of its claims against Petry Holding (see Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71 [1969]). The first time, plaintiff was in opposition to the Petry defendants’ cross motion to dismiss, when plaintiff asked Supreme Court to name Petry Holding as a party. The second opportunity was when plaintiff moved to reargue that portion of Supreme Court’s order entered January 12, 2010 that deemed Petry Holding was not a party to this action. The third opportunity was when plaintiff took an appeal from that order and devoted a substantial portion of its brief to asserting the merits of its claims against Petry Holding before this Court (see 3 E. 54th St. N.Y., LLC v Patriarch Partners, LLC, 90 AD3d 418 [1st Dept 2011]).
Supreme Court also correctly construed this Court’s prior order, deeming Petry Holding as a defendant within the caption to correct a ministerial or de minimis defect (CPLR 2001; see Albilia v Hillcrest Gen. Hosp., 124 AD2d 499 [1st Dept 1986]), followed by a finding that “plaintiff’s remaining arguments,” including its claims against Petry Holding, were “without merit” (3 E. 54th St. N.Y., 90 AD3d at 420).
We have considered plaintiff’s remaining contentions and find them unavailing. Concur — Tom, J.P., Sweeny, Manzanet-Daniels and Clark, JJ.