RTN NETWORKS, LLC, Respondent, v TELCO GROUP, INC., et al., Appellants. [5 NYS3d 80]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 22, 2014, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In this action alleging causes of action for fraudulent conveyance and conspiracy, plaintiff seeks to recover $324,260.64 pursuant to a judgment awarded in its favor in 2010. Plaintiff alleges that defendants fraudulently conveyed defendant Telco Group, Inc.'s assets (Telco), rendering the company insolvent.

It further alleges that defendant Tawfik, a partial owner of Telco, received $40 million from the sale of Telco's assets but that it never received payment pursuant to the judgment. The complaint, however, fails to plead with sufficient particularity any facts alleging that the conveyance at issue was made without "fair consideration" (Debtor and Creditor Law §§ 273, 274, 275). Notably, it alleges that defendant Telco received $135 million for the sale of its assets. The additional allegations that most of the sale proceeds were used to pay off Telco debts, and that an additional portion was paid to defendant Tawfik, do not demonstrate that the amount paid was not the "fair equivalent" of the value of Telco's assets. Plaintiff's "mere belief" that Telco transferred its assets without fair consideration is insufficient (see *Jaliman v D.H. Blair & Co. Inc.*, 105 AD3d 646, 647 [1st Dept 2013]).

The complaint also fails to plead with particularity defendants' intent to hinder, delay or defraud present or future creditors, as required to properly assert a cause of action for intentional fraudulent conveyance (see Debtor and Creditor Law § 276; CPLR 3016 [b]). The complaint alleges that Telco used most of the sale proceeds to pay off other creditors. While the judgment owed to plaintiff was not paid at the time, it is clear from the complaint that the judgment had not yet been obtained at the time of the transaction at issue. Moreover, the key allegations regarding the allegedly fraudulent conveyance are based on information and belief, and as they fail to reveal the source of that information, they are inadequate under CPLR 3016 (b) (see *DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 443 [1st Dept 2010]).

Since the complaint fails to sufficiently allege an actual intent to defraud, the cause of action seeking reasonable attorneys' fees pursuant to Debtor and Creditor Law § 276-a also should have been dismissed.

Finally, absent any viable underlying tort, the conspiracy cause of action must also be dismissed (see *Bell v Alden Owners*, 299 AD2d 207 [1st Dept 2002], *lv denied* 100 NY2d 506 [2003]; *Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]). Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.