Carlyle, LLC v Quik Park 1633 Garage LLC (2018 NY Slip Op 02436)





Carlyle, LLC v Quik Park 1633 Garage LLC


2018 NY Slip Op 02436


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6250 653347/15

[*1]The Carlyle, LLC, Plaintiff-Respondent,
v
Quik Park 1633 Garage LLC, et al., Defendants-Appellants.


DLA Piper LLP (US), New York (John Vukelj of counsel), for Quik Park 1633 Garage LLC, appellant.
Feuerstein Kulick LLP, New York (David Feuerstein of counsel), for Rafael Llopiz, appellant.
Stroock & Stroock & Lavan LLP, New York (Kevin L. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered December 19, 2016, which, insofar as appealed from, denied defendants' motion to dismiss the fraudulent conveyance, tortious interference with contract, piercing the corporate veil, and permanent injunction claims, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that defendants engaged in a fraudulent scheme to transfer and dispose of the assets of several related entities (the judgment debtors) in order to thwart plaintiff's ability to collect debts owed by those entities, including judgments in two related actions.
The actual fraudulent conveyance claims, under the common law and Debtor and Creditor Law (DCL) § 276, should be dismissed because plaintiff failed to allege fraudulent intent with the particularity required by CPLR 3016(b) (see RTN Networks, LLC v Telco Group, Inc., 126 AD3d 477, 478 [1st Dept 2015], lv dismissed in part, denied in part 26 NY3d 1059 [2015]; see also Hoyt v Godfrey, 88 NY 669, 670-671 [1882]). The key allegations were made "[u]pon information and belief," without identifying the source of the information (see RTN Networks, 126 AD3d at 478). Moreover, the timing of the allegedly fraudulent transfers - beginning two years before the judgment debtors incurred the subject debts - undermines the claim of fraudulent intent (see RTN Networks at 478; 3 E. 54th St. N.Y., LLC v Patriarch Partners, LLC, 90 AD3d 418, 419 [1st Dept 2011]).
The constructive fraudulent conveyance claims pursuant to DCL 273, 274, and 275 should be dismissed because plaintiff failed to sufficiently allege that the transfers were made without fair consideration, as the relevant allegations were all made "[u]pon information and belief" (see RTN Networks at 478).
Because the viability of the claims under DCL 276-a, 278, and 279 depends on the viability of the other fraudulent conveyance claims, these claims should likewise be dismissed.
The tortious interference claim should be dismissed because plaintiff failed to sufficiently allege that the contract "would not have been breached but for' the defendant's conduct" (Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]). The relevant allegations were vague and conclusory and supported by "mere speculation" (id. at 373; see Washington Ave. Assoc. v Euclid Equip., 229 AD2d 486, 487 [2d Dept 1996]).
In light of the dismissal of all of plaintiff's substantive claims, its claims for piercing the corporate veil and a permanent injunction must likewise be dismissed, as they do not constitute independent causes of action (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; Weinreb v 37 Apts. Corp., 97 AD3d 54, 58 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK