Brennan v 3250 Rawlins Ave. Partners, LLC (2019 NY Slip Op 03002)





Brennan v 3250 Rawlins Ave. Partners, LLC


2019 NY Slip Op 03002


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9069 27745/16E

[*1]Marygrace Brennan, Plaintiff-Respondent,
v
3250 Rawlins Avenue Partners, LLC, et al., Defendants, Ronald Rettner, et al., Defendants-Appellants.


Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for appellants.
Joseph P. Dineen, Garden City, for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 19, 2018, which, to the extent appealed from as limited by the briefs, denied defendants Ronald Rettner and Lance Falow's motion to dismiss the cause of action for violations of Debtor and Creditor Law §§ 273 through 276-a, unanimously modified, on the law, to grant the motion as to the claims under Debtor and Creditor Law §§ 276 and 276-a, and otherwise affirmed, without costs.
The complaint alleges that plaintiff purchased a home from defendant 3250 Rawlins Avenue Partners, LLC (Partners), that three years later she gave Partners and defendants Rettner and Falow, members of Partners, notice of claims under the limited warranty incorporated into the contract of sale, that the claims were ignored, and that Rettner and Falow had transferred unidentified assets and funds from Partners for their own use, leaving Partners unable to satisfy its obligations to plaintiff.
Rettner and Falow argue that the complaint fails to state a cause of action for constructive fraud under Debtor and Creditor Law §§ 273, 274 and 275 because it does not identify any specific fraudulent transfers. However, this is not a fatal defect, because the concrete facts arguably "are peculiarly within the knowledge of [Rettner and Falow]," and the pleading deficiency might yet be cured (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]).
Rettner and Falow argue correctly that the complaint fails to allege explicitly that the unidentified assets were transferred without fair consideration. However, the complaint implicitly alleges that a necessary element of fair consideration, i.e., good faith, was lacking when the transfers were made. The complaint alleges that Rettner and Falow were members of Partners and that Rettner and Falow diverted Partners' assets for their own use, rendering Partners insolvent. Amplified by plaintiff's counsel's statement in his affirmation that Falow had told him that all of Partners' funds had been distributed to its members, these allegations raise the presumption that the transfers from Partners, an insolvent company, to Rettner and Falow, company members or insiders, were not made in good faith and, therefore, were made without fair consideration (see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303 [1st Dept 2006]; Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 166 AD3d 496, 497 [1st Dept 2018]).
However, the complaint fails to state a cause of action for actual fraud under Debtor and Creditor Law §§ 276 and 276-a. It alleges that Rettner and Falow, the transferees, had a close relationship with the transferor, Partners, because they were members of Partners. As indicated, it also alleges that the transfer of Partners' assets to Rettner and Falow was not in good faith and therefore was without fair consideration. However, unlike the allegations supporting the [*2]constructive fraud claim, the allegations supporting the actual fraud claim are subject to the heightened pleading standard of CPLR 3016(b), and the allegations about fair consideration do not meet that standard, because they were made upon information and belief, and the source of the information was not disclosed (see RTN Networks, LLC v Telco Group, Inc., 126 AD3d 477, 478 [1st Dept 2015]).
Nor does the complaint allege any other badges of fraud. For example, it does not allege that the transfers were not made in the ordinary course of business or that Rettner, Falow, or Partners had notice of plaintiff's claims before any of the transfers were made and were unable to pay them (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]; Matter of Setters v AI Props. & Devs. [USA] Corp., 139 AD3d 492, 493 [1st Dept 2016]). Because the complaint fails to state a cause of action for actual fraud under Debtor and Creditor Law § 276, the related claim for attorney's fees under section 276-a must also be dismissed.
We have considered Rettner and Falow's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK