L&M 353 Franklyn Ave. LLC v Steinman (2022 NY Slip Op 00724)





L&M 353 Franklyn Ave. LLC v Steinman


2022 NY Slip Op 00724


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 650104/20 Appeal No. 15210 Case No. 2021-02649 

[*1]L&M 353 Franklyn Avenue LLC, Plaintiff-Respondent,
v
Ari Steinman et al., Defendants-Appellants, "John Doe #1" et al., Defendants.


Crawford Bringslid Vander Neut, LLP, Staten Island (Michael J. DeSantis of counsel), for appellants.
Tsyngauz & Associates, P.C., New York (Steven N. Gordon of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about November 2, 2020, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The complaint fails to state a cause of action for constructive fraudulent conveyance under former Debtor and Creditor Law §§ 273 and 274 (amended by Uniform Transactions Act [L 2019, ch 580, § 2], effective April 4, 2020). Defendants are members of S. Land Development LLC (S. Land), which previously held title to real property and against which plaintiff obtained a money judgment in 2019 in a related action. Plaintiff alleges that defendants transferred or otherwise encumbered S. Land's assets, rendering it insolvent and precluding plaintiff from being able to collect on the judgment. However, since the allegations are made "upon information and belief," the complaint does not sufficiently allege that any transfers were made without fair consideration or rendered S. Land insolvent (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476 [1st Dept 2018]; RTN Networks, LLC v Telco Group, Inc., 126 AD3d 477 [1st Dept 2015]).
Plaintiff failed to show that defendants' motion should be denied pursuant to CPLR 3211(d). Plaintiff's counsel affirmed only that plaintiff's judgment against S. Land was unsatisfied and that S. Land purportedly received $7 million in a sale of certain real property. Counsel otherwise concluded that it was "reasonable to infer" that defendants, as members of S. Land, were beneficiaries of any disbursements of the company's assets. Moreover, the position that "facts pertaining to disbursements made by S. Land are within the sole knowledge and possession of Defendants" is unsupported. There is no indication that plaintiff sought to enforce its judgment or that it sought postjudgment discovery from S. Land, which might have disclosed the information plaintiff contends is unavailable. Nor did counsel specify "the facts essential to justify opposition" (see CPLR 3211[d]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022