**Monex Canada, Inc. v Bank of Am., N.A.**

2024 NY Slip Op 31452(U)

April 19, 2024

Supreme Court, New York County

Docket Number: Index No. 655076/2023

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

MONEX CANADA, INC.,

                    Plaintiff,

                - v -

BANK OF AMERICA, N.A., CITIBANK, N.A., JPMORGAN
CHASE BANK, N.A., M&T BANK, N.A., PNC BANK, N.A.,
WELLS FARGO BANK, N.A., IAA HOLDINGS, LLC
DOING BUSINESS AS IAA BUYER WIRES, SIMON
CARS, INC., V & S BROTHERS, INC., GREEN ELECTRIC
MOTORS, INC., AUTO CARGO INTERNATIONAL, LLC,
MC LOGISTIC LLC, ROCKETDROP, LLC, LOGISTIX 101,
INC., COPART, INC.

                    Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655076/2023 |
| **MOTION DATE** | 11/14/2023, 11/30/2023, 12/06/2023 |
| **MOTION SEQ. NO.** | 002 003 004 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 71, 72, 73, 74, 75, 77, 80, 81

were read on this motion to                     DISMISS

The following e-filed documents, listed by NYSCEF document number (Motion 003) 87, 88, 89, 90, 91, 98, 101

were read on this motion to                     DISMISS

The following e-filed documents, listed by NYSCEF document number (Motion 004) 93, 94, 95, 96, 99, 100

were read on this motion to                     DISMISS

      Defendants Logistix 101, Inc.'s and Green Electric Motors, Inc.'s (Mot. Seq. No. 2), MC

Logistic LLC's (Mot. Seq. No. 3) and V&S Brothers, Inc.'s (Mot. Seq. No. 4) (collectively,

"Moving Defendants") motions to dismiss Plaintiff Monex Canada, Inc.'s ("Monex" or

"Plaintiff") Complaint (NYSCEF 2) are **denied**.

**655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL**
**Motion No.  002 003 004**

**Page 1 of 7**

**A. Background**

Monex alleges that, in July of 2023, non-party 9404-0821 Quebec Inc. d/b/a Handwear ("Handwear") defrauded it out of millions of dollars by unlawfully reversing Pre-Authorized Debit ("PAD") transfers. Monex alleges that, prior to reversal, Handwear directed the PAD funds to non-parties Serwin Worldwide Trading Limited ("Serwin") and Smart Great International (HK) Limited ("SGI") located in Hong Kong. After the reversal, Handwear's principal, Kirrill Kochkine ("Kochkine"), ceased responding to communications from Monex.

On August 3, 2023, the High Court of the Hong Kong Special Administrative Region ("Hong Kong Court") granted Monex's request for an injunction prohibiting disposal of the PAD funds (Cplt. ¶23; NYSCEF 22). Through the Hong Kong Court proceeding, Monex "obtained a report from the Industrial and Commercial Bank of China (Asia) Limited of the funds it disbursed from the accounts of Serwin Worldwide Trading Limited and Smart Great International (HK) Limited, that were initially transferred by Monex at the direction of Handwear" (Cplt. ¶23; NYSCEF 23).

Based on the aforementioned report, Monex alleges that Serwin and SGI transferred PAD funds to, among others, Moving Defendants via accounts in New York (Cplt. ¶¶32, 34, 38, 42). Monex alleges that Moving Defendants are not in the same line of business as Handwear and that the transfers were made with the "intent to hinder, delay or defraud Plaintiff, and as part of a plan to launder the proceeds of the fraud, at a time when Handwear was insolvent" (Cplt. ¶¶45-47).

On October 15, 2023, Monex commenced this action and sought a temporary restraining order ("TRO") precluding any further transfers of the PAD funds. The Complaint asserts a single cause of action for fraud. During the course of briefing on its preliminary injunction motion, Monex clarified that its fraud claim was asserted under the New York Uniform Voidable

655076/2023  MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL
Motion No.  002 003 004

Page 2 of 7

Transactions Act and, in particular, for actual fraudulent transfer pursuant to Sections 273(a)(1) and 276 of the New York Debtor Creditor Law ("DCL") (NYSCEF 68 at 2-3).

On October 19, 2023, the Court entered a TRO that, as relevant here, restrained the Moving Defendants from transferring any assets received from Serwin or SKI (NYSCEF 29). Following a hearing, on November 15, 2023, the Court denied Monex's motion for a preliminary injunction and dissolved the TRO (NYSCEF 76). However, the Court granted Monex's motion for expedited discovery, including from Moving Defendants. Monex subsequently served discovery demands on Moving Defendants (NYSCEF 82, 83, 85, 86).

## B. Discussion

Moving Defendants argue that Monex fails to state a claim for actual fraudulent transfer. Additionally, Logistix 101, Inc. and Green Electric Motors, Inc. argue that Monex's claim against them is refuted by documentary evidence, specifically invoices that they claim do not match the bank report obtained in connection with the Hong Kong action. Finally, V&S Brothers argues that Monex's claim is subject to dismissal based on Canadian law. Each of Moving Defendants' arguments is rejected.

### a. Legal Standard on a Motion to Dismiss for Failure to State a Claim

"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff 'the benefit of every possible favorable inference'" (*J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 21 NY3d 324, 334 [2013] *quoting AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co.*, 5 N.Y.3d 582, 591, 808 N.Y.S.2d 573, 842 N.E.2d 471 [2005]). Relevant here, CPLR 3016(b) requires that a claim for fraud, including fraudulent transfer claims under Section

655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL
Motion No.  002 003 004

Page 3 of 7

3 of 7

273(a)(1) of the DCL, be pled with particularity (*RTN Networks, LLC v Telco Group, Inc.*, 126 AD3d 477, 478 [1st Dept 2015]).

### b. Plaintiff States a Prima Facie Case of Actual Fraudulent Transfer

Section 273(a)(1) of the DCL provides, in relevant part, that a "transfer made. . . is voidable as to a creditor. . . if the debtor made the transfer or incurred the obligation. . .with actual intent to hinder, delay or defraud any creditor of the debtor. . ." Section 273(b) of the DCL includes a non-exhaustive list of factors that the Court may consider in determining actual intent. The factors include whether the transfer was to an insider; whether the transfer rendered the transferee insolvent; and whether "the debtor absconded."

Section 276(a)(1) of the DCL provides that "[i]n an action for relief against a transfer or obligation under this article, a creditor… may obtain avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim…" Section 277 of the DCL provides certain defenses, including a "good faith" defense, to transferees. Section 277(g)(1) of the DCL provides that Moving Defendants bear the burden of establishing a "good faith" defense.

It is the intent of the original transferor, in this case Handwear, that is relevant to determining whether Monex has stated a *prima facie* case under DCL Section 273(a)(1) for actual fraudulent transfer (*YH Lex Estates LLC v Bartolacci*, 222 AD3d 545 [1st Dept 2023] [citations omitted]). Thus, where a plaintiff alleges "badges of fraud raising an actual intent to defraud, establishing an actual fraudulent conveyance," dismissal is not appropriate (*245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC*, 223 AD3d 604, 606 [1st Dept 2024]).

The Court finds that Monex adequately alleges a viable claim for actual fraudulent transfer, including significant badges of fraud, to survive a motion to dismiss pursuant to CPLR 3016 and 3211(a)(7). Specifically, Monex alleges that (1) the PAD funds were transferred by

**655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL**
**Motion No.  002 003 004**

**Page 4 of 7**

4 of 7

Handwear to Serwin and SKI in Hong Kong; (2) Handwear unlawfully reversed the PAD transactions; (3) the Hong Kong Court issued an injunction; (4) the PAD funds were distributed, in part, to Moving Defendants; (5) that the distributions were made via New York accounts; (6) that Handwear and Kochkine have absconded; (7) that the transfers to Moving Defendants were part of a scheme "to launder the proceeds of the fraud;" and (8) the transfers left Handwear insolvent.

Notably, Moving Defendants do not dispute that Handwear's alleged actions vis-à-vis Monex were fraudulent. Instead, Moving Defendants attack the sufficiency of the Complaint and argue that any transfers they received were in good faith. Whether the facts alleged by Monex are ultimately proven and whether Moving Defendants have viable good faith defenses cannot be resolve on a pre-answer motion to dismiss. Moving Defendants may of course raise their arguments again on a full evidentiary record at the summary judgment stage or at trial.

### c. Dismissal is Not Warranted Based on Documentary Evidence

Logistix 101, Inc.'s and Green Electric Motors, Inc.'s argument that dismissal is warranted based on documentary evidence, specifically invoices, is rejected. A motion to dismiss under CPLR 3211(a)(1) is appropriately granted where "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). A document qualifies as "'documentary evidence' only if it satisfies the following criteria: (1) it is 'unambiguous'; (2) it is of 'undisputed authenticity'; and (3) its contents are 'essentially undeniable'" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] *quoting Fontanetta v. John Doe 1,* 73 A.D.3d 78, 86, 87, 898 N.Y.S.2d 569 [2d Dept. 2010]).

**655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL**
**Motion No.  002 003 004**

**Page 5 of 7**

The invoices annexed to the affirmation of Logistix 101, Inc.'s and Green Electric Motors, Inc.'s counsel are not "essentially undeniable" nor do they "utterly refute" Monex's claims (*Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 433 [1st Dept 2014]). Monex is not a party to those invoices, they have not been authenticated by party representatives, and discovery as to the underlying transactions has not been completed. Therefore, dismissal is not warranted (*Leon v. Martinez, supra*). Logistix 101, Inc. and Green Electric Motors may raise their arguments on summary judgment or at trial.

### d. Dismissal is Not Warranted Based on Foreign Law

V&S Brothers, Inc's argument that dismissal is warranted based on foreign law because Handwear is located in and made the offending transfers from Canada is unavailing. DCL Section 279(b) provides that "a claim for relief in the nature of a claim for relief under this article is governed by the local law of the jurisdiction in which the debtor is located when the transfer is made or the obligation is incurred." The Complaint alleges that Handwear violated Canadian law when it recalled the PAD transactions which is sufficient at the pleading stage (Cplt. ¶20).

Further, V&S Brothers "failed to submit any evidence of foreign fraudulent conveyance law" (*Highland Crusader Offshore Partners, L.P. v Celtic Pharma Phinco B.V.*, 205 AD3d 520, 522 [1st Dept 2022]). The Court must be provided with "sufficient information to determine the substance of applicable [foreign] law" before reaching any determination on the merits (*Simon v FrancInvest, S.A.*, 192 AD3d 565, 568 [1st Dept 2021]). Thus, dismissal is not appropriate. V&S Brothers may raise this defense at a later stage of these proceedings.

\* \* \* \*

Accordingly, it is

**ORDERED** that Moving Defendants' motions to dismiss (Mot. Seq. Nos. 2, 3 and 4) are **DENIED**; it is further

**ORDERED** that Moving Defendants respond to the Complaint within twenty-one days of this decision and order; it is further

**ORDERED** that that the parties appear for a preliminary conference on May 14, 2024, at 10:00 a.m., with the parties circulating dial-in information to chambers at SFC-Part3@nycourts.gov in advance of the conference.[1]

This constitutes the decision and order of the Court.

20240419170942MCOHEN2C6AE5FD268E49B3B33E1D5C089C6FEB

| _4/19/2024_ | | JOEL M. COHEN, J.S.C. |
|---|---|---|
| **DATE** | | |

CHECK ONE:  ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

☐ GRANTED   ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER   ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

---

[1] If the parties agree on a proposed preliminary conference order in advance of the conference date (consistent with the guidelines in the Part 3 model preliminary conference order, available online at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/Part3-Preliminary-Conference-Order.pdf), they may file the proposed order and email a courtesy copy to chambers with a request to so-order in lieu of holding the conference.

655076/2023   MONEX CANADA, INC. vs. BANK OF AMERICA, N.A. ET AL
Motion No.  002 003 004

Page 7 of 7

7 of 7