■ GRUTMAN KATZ GREENE & HUMPHREY, Appellant-Respondent, v LILLIAN GOLDMAN, Respondent-Appellant. [673 NYS2d 649] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered July 17, 1996, after a nonjury trial, dismissing plaintiff's complaint and defendant's counterclaims, and bringing up for review an order of the same court (William Davis, J.), entered February 28, 1994, striking plaintiff's request for a jury trial from the note of issue, and an order of the same court (Stuart Cohen, J.), entered on or about October 5, 1994, denying plaintiff's motion to amend the caption of this action, unanimously affirmed, with costs.

Supreme Court properly struck plaintiff's jury demand from the note of issue since plaintiff in its sole cause of action remaining for trial sought determination and enforcement of a charging lien, an equitable claim triable by the court (*see, Matter of King*, 168 NY 53, 58; *Flores v Barricella*, 123 AD2d 600).

Supreme Court's denial of plaintiff's motion to amend the

caption of this matter to delete Herbert Katz's name from the law firm title by reason of the fact that Katz was not a partner of the firm was also proper, since Grutman Katz Greene & Humphrey was the name used by plaintiff in the title of this action and a person who has represented himself to be a partner in an existing partnership is an agent of the persons consenting to such representation and binds them to the same extent and in the same manner as a partner in fact, with respect to persons relying upon the representation (Partnership Law § 27 [2]).

Regarding the merits of the trial court's determination as to the value of plaintiff's charging lien, after a comprehensive analysis including consideration of numerous relevant factors, among them, the nature of the litigation, the difficulty of the case, the actual time spent by plaintiff and the necessity therefor, the amount of money involved, the results achieved, amounts customarily charged for similar services in the same locality, the certainty of compensation, and plaintiff's professional deportment, the court properly exercised its discretion in fixing the reasonable value of plaintiff's services and in concluding that those services, rendered over a period of less than one year, were worth only the substantial amount plaintiff had already been paid (see, Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877; Ingber v Sabato, 229 AD2d 884, 887, appeal dismissed 88 NY2d 1064, lv denied 90 NY2d 808). The trial court's determination in this regard is entitled to great weight on appeal, particularly since its findings were largely premised upon its assessment of witness credibility (see, Thoreson v Penthouse Intl., 80 NY2d 490, 495; Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, supra). The record also supports the court's determination rejecting plaintiff's claim for bonus compensation and unbilled time purportedly discovered after its discharge.

Also proper was the dismissal of defendant's counterclaim seeking the disgorgement of attorneys' fees paid plaintiff since plaintiff was not discharged for cause nor was it seeking to collect or retain compensation for the activity alleged to have constituted a breach of its fiduciary duty.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.