■ KIAMOS & TOOKER, INC., Appellant, v ZELIS FLORIST, INC., Doing Business as JUNE FLOWER SHOP, et al., Respondents. [695 NYS2d 86] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered October 19, 1998, after a nonjury trial, in an action for goods sold and delivered, in favor of plaintiff and against defendants in the principal amount of $6,137.71, modified, on the facts, to increase the principal amount awarded to plaintiff to $36,137.71 plus interest, with the interest on the $30,000 by which we increase the principal award to run from February 21, 1996, and otherwise affirmed, with costs payable to plaintiff.

We are empowered to make the findings that the trial court should have made (*DiBruno v Abrams*, 208 AD2d 672, 674, *lv denied* 85 NY2d 804). We now find that there is no fair interpretation of the evidence to establish that defendant paid the debt in full.

Plaintiff's credible evidence proved that defendants tendered $8,000 in payment. However, the evidence presented by defendants failed to prove their affirmative defense of payment of the balance. We disagree with the trial court's evaluation of the documentary evidence, to wit, the photocopy of the receipt that defendant offered as proof of payment in full of the outstanding account. Plaintiff's driver testified that the handwritten entries on the copy were substantially different from those he wrote on the original. The document clearly ap-

pears to have been altered to reflect that defendant paid $38,000 rather than the $2,000 check and $6,000 cash payment that the driver received. Moreover, we find it beyond belief that defendants would tender the check and $36,000 in cash to the driver of plaintiff's delivery truck. Concur—Sullivan, J. P., Mazzarelli, Lerner and Rubin, JJ.

Saxe, J., dissents in a memorandum as follows: The ultimate determination of the trial court following a non-jury trial, as well as its rejection of plaintiff's "best evidence" challenge to the critical piece of documentary evidence, was founded upon a clear, albeit unspoken, credibility finding. Where resolution of issues turns upon the credibility determination of the trial court as finder of fact, the determination is entitled to great weight (*see, Grutman Katz Greene & Humphrey v Goldman*, 251 AD2d 7), and this Court should not disturb those findings "unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830; *see also, Coverdale v Zucker*, 261 AD2d 429).

The majority's conclusion constitutes a clear and simple rejection of the credibility determination of the Trial Judge. While its skepticism as to the testimony of defendants' witness is understandable, I am unable to conclude that the witness's credibility must be rejected as a matter of law, or that there is no fair interpretation of the evidence supporting the court's finding. [As amended by unpublished order entered Dec. 16, 1999.]