■ UNI-RTY CORPORATION et al., Appellants, v NEW YORK GUANGDONG FINANCE, INC., et al., Respondents. RUSS & RUSS, P.C., Nonparty Respondent. [2 NYS3d 348]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 28, 2013, which, insofar as appealed from, granted nonparty Russ & Russ P.C. (petitioners' former counsel) a charging lien pursuant to Judiciary Law § 475, and referred determination of the amount of the lien to a special referee, unanimously modified, on the law and the facts, to refer the matter to a special referee to determine whether Russ & Russ was entitled to enforce its charging lien, and, if the referee determines that Russ & Russ was so entitled, to determine the amount of the lien, and otherwise affirmed, without costs.

Petitioners contend that a motion for a charging lien is subject to the same standards as a motion for summary judgment. This argument is based on the fact that the last sentence of Judiciary Law § 475 says, "The court upon the *petition* of the client or attorney may determine and enforce the lien" (emphasis added). Petitioners note that a petition is a pleading in a special proceeding (*see* CPLR 402) and that "a special proceeding is subject to the same standards and rules of decision as apply on a motion for summary judgment" (*Karr v Black*, 55 AD3d 82, 86 [1st Dept 2008], *lv denied* 11 NY3d 712 [2008]). However, "Judiciary Law § 475 . . . permits enforcement of the lien either by way of motion in the main action or by plenary action" (*Miller v Kassatly*, 216 AD2d 260, 261 [1st Dept 1995]). Since Russ & Russ was not required to bring a special proceeding, its motion for a charging lien was not subject to the same standards as a motion for summary judgment.

"[W]here an attorney's representation terminates and there has been . . . no unjustified abandonment by the attorney, the attorney's right to enforce the statutory charging lien is preserved" (*Klein v Eubank*, 87 NY2d 459, 464 [1996]). In the instant proceeding, as in *Klein,* there is a dispute about whether the attorney abandoned his client. Therefore, "a hearing should be held on the question of [the former attorney's] entitlement to enforcement of his statutory charging lien" (*id.*).

"[D]etermination and enforcement of a charging lien [is] an equitable claim triable by the court" (*Grutman Katz Greene & Humphrey v Goldman*, 251 AD2d 7, 7 [1st Dept 1998]; *see also Matter of King*, 168 NY 53, 58-59 [1901]). Hence, the IAS court had the power to appoint a referee (*see King*, 168 NY at 58). *Matter of Jacob D. Fuchsberg Law Firm v Danzig* (248 AD2d 178 [1st Dept 1998]) is not to the contrary, as that case involved a "dispute between attorneys over the sharing of contingency fees" (*id.* at 179) and had been converted into a plenary action

for breach of contract (*id.* at 178-179). Concur—Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.