■ FREDERICK HUDSON et al., Plaintiffs, v HAHN KOOK CENTER (USA), INC., et al., Defendants. LAW OFFICE OF ALVIN M. BERNSTONE, LLP, Nonparty Appellant; RESSLER & RESSLER, ESQS., Nonparty Respondent. (And a Third-Party Action.) [24 NYS3d 626]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 4, 2014, which denied nonparty appellant's (Bernstone) motion to restore the action for the purpose of a hearing, pursuant to Judiciary Law § 475, to determine and fix the amount of its charging lien and, pursuant to Judiciary Law § 487, for treble damages from nonparty respondent (Ressler), unanimously reversed, on the law, without costs, and the motion granted to the extent of remanding the matter for a hearing to determine whether Bernstone is entitled to enforce its charging lien, and, if so, the amount of the lien, and to determine whether Bernstone is entitled to treble damages.

The court erred in summarily denying Bernstone's motion to determine and fix its charging lien on the ground that Bernstone had abandoned plaintiffs by seeking to withdraw as counsel at a time when there were pending motions to dismiss the complaint for failure to comply with discovery orders (*see Klein v Eubank*, 87 NY2d 459 [1996]; *Uni-Rty Corp. v New*

*York Guangdong Fin., Inc.*, 126 AD3d 429 [1st Dept 2015]). The record presents issues of fact as to whether Bernstone abandoned plaintiffs or plaintiffs' own dilatory conduct in seeking new counsel was the sole cause of the dismissal. Plaintiffs signed consents to Bernstone's withdrawal as counsel, and did not dispute Bernstone's assertion that the withdrawal was necessitated by disagreements between them and counsel. At the time it sought to withdraw, Bernstone informed the court that there were motions pending, and, according to one of its attorneys at oral argument on February 26, 2013, also informed the court at that time, in an off-the-record exchange, that these motions were unopposed. Moreover, at the time it withdrew, Bernstone sought and received a stay on plaintiffs' behalf to give them time to retain new counsel. However, approximately 3½ months after Bernstone was relieved, despite having received three adjournments of the motions, plaintiffs appeared in court without counsel, and the court granted the still unopposed motions. Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.