■ In the Matter of WILLIAM SETTERS et al., Appellants, v AI PROPERTIES AND DEVELOPMENTS (USA) CORP., Respondent, et al., Respondent. [32 NYS3d 87]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 4, 2015, which, insofar as appealed from, dismissed petitioners' first cause of action, for intentional fraudulent conveyance under Debtor and Creditor Law § 276, and their seventh cause of action for attorneys' fees under Debtor and Creditor Law § 276-a, unanimously reversed, on the law, with costs, and those claims reinstated and granted. Order, same court and Justice, entered February 9, 2016, which granted respondent AI Properties and Developments (USA) Corp.'s (AI) motion for leave to reargue, and upon reargument, recalled, modified and denied so much of the August 4, 2015 order as granted the Debtor and Creditor Law § 273-a claim against AI and directed them to pay to petitioner the sum of $1,251,347 plus postjudgment interest and costs pursuant to CPLR 5225 (b), unanimously reversed, on the law, with costs, and that portion of the August 4, 2015 order reinstated. The Clerk is directed to enter judgment accordingly.

Respondent AI was not entitled to reargument. "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided . . . or to present arguments different from those originally asserted" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]). Although AI properly preserved the statute of limitations as an affirmative defense in its answer (CPLR 3018 [b]; *see Scholastic Inc. v Pace Plumbing Corp.*, 129 AD3d 75, 85 [1st Dept 2015]), it never argued that petitioner's claims were barred by the applicable statute of limitations (*see Derico v City of New York*, 66 AD2d 740 [1st Dept 1978]; *Garza v 508 W. 112th St., Inc.*, 22 Misc 3d 920, 929 [Sup Ct, NY County 2008]), nor did it cite Limited Liability Company Law § 508 (c), which it raised for the first time on its motion to reargue. Contrary to AI's contention, and the motion court's reasoning on reargument, the statement of AI's CEO that "[b]y May 2009, all of the units were sold and the most recent distribution made by W Squared to AI occurred in 2007," was insufficient to support a

statute of limitations argument or prove their defense (*see Kiamos & Tooker v Zelis Florist*, 264 AD2d 623 [1st Dept 1999]).

The three-year limitation period imposed by Limited Liability Company Law § 508 (c) does not override the six-year statute of limitations for fraudulent conveyance claims brought under the Debtor and Creditor Law, since the plain language of section 508 indicates that the statute applies to members of an LLC, holding them "liable to the limited liability company" for wrongful distributions (*see* Limited Liability Company Law § 508 [b]; *Lyman Commerce Solutions, Inc. v Lung*, 2015 WL 1808693, *5, 2015 US Dist LEXIS 51447, *13 [SD NY, Apr. 20, 2015, No. 12 Civ 4398 (TPG)]). The statute does not address the claims of outside creditors (*277 Mott St., LLC v Fountainhead Constr., LLC*, 2012 NY Slip Op 30185[U], *9-10 [Sup Ct, NY County 2012]).

In view of our holding as to Limited Liability Company Law § 508 (c), we find that petitioner's claim under Debtor and Creditor Law § 273-a was timely, and AI failed to raise an issue of fact in this regard. Even if, as AI contends, its CEO's affidavit "confirmed" that the final distribution by W Squared occurred in March 2007, rather than 2011, the statute of limitations would not have begun to run in 2007 on petitioner's claim under Debtor and Creditor Law § 273-a, since the judgment in the personal injury action was not entered until November 2011 (*see Coyle v Lefkowitz*, 89 AD3d 1054, 1056 [2d Dept 2011]).

Petitioner sustained his burden of proof on his claims for actual fraud under Debtor and Creditor Law § 276 (*see Marine Midland Bank v Murkoff*, 120 AD2d 122, 126 [2d Dept 1986], *appeal dismissed* 69 NY2d 875 [1987]). Although "fraudulent intent, by its very nature, is rarely susceptible to direct proof and must be established by inference from the circumstances surrounding the allegedly fraudulent act" (*id.* at 128), we find sufficient "badges of fraud" to support petitioner's first cause of action for fraudulent conveyance under Debtor and Creditor Law § 276. For example, respondents were the sole members of W Squared, the judgment debtor, no adequacy of consideration has been shown, W Squared was aware of petitioner's claim in the personal injury action, and W Squared is unable to pay the judgment, as it has informed petitioner that it has no funds remaining with which to do so (*see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership*, 25 AD3d 301, 303 [1st Dept 2006]). AI failed to provide any evidence to negate the inferences of intent. The record also established that despite the statement of AI's CEO that AI did

not learn of petitioner's underlying litigation until November 2013, its 2007 contract with co-respondent Boymelgreen established otherwise. Having established actual intent to defraud, petitioner is entitled to attorneys' fees under Debtor and Creditor Law § 276-a.

We have considered AI's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.