| |
|---|
| **Telefonica S.A. v Millicom Intl. Cellular S.A.** |
| 2024 NY Slip Op 33315(U) |
| September 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651838/2020 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

TELEFONICA S.A.,

Plaintiff,

- v -

MILLICOM INTERNATIONAL CELLULAR S.A., MILLICOM
SPAIN S.L.

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651838/2020 |
| **MOTION DATE** | 03/27/2024 |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON
MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 733, 734, 735, 736,
737, 738, 739, 740, 741, 744

were read on this motion to/for          RENEW/REARGUE/RESETTLE/RECONSIDER          .

Upon the foregoing documents, Millicom International Cellular S.A. and Millicom Spain S.L.

(collectively, **Millicom**)'s motion (Mtn. Seq. No. 009) to reargue, renew, and modify the Court's

Prior Decision (hereinafter defined) with respect to prejudgment interest is DENIED.

Simply put, CPLR 5001 provides for prejudgment interest to be "recovered upon a sum awarded

***because of a breach of performance of a contract***" (CPLR 5001[a] [emphasis added]) and that

"[i]nterest shall be computed from the earliest ascertainable date the cause of action existed"

(CPLR 5001[b]).

The sum amount awarded in the Prior Decision [hereinafter defined] *because of a breach of*

*performance of the SPA* [hereinafter defined] was $623 million and prejudgment interest was

awarded from the date of the breach – *i.e.,* the earliest ascertainable date the cause of action

existed.  It is irrelevant under CPLR 5001 that the principal amount of the judgment was

**651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL**
**Motion No.  009**

Page 1 of 7

ultimately reduced to approximately $60,571,987[1] based on Telelfonica S.A.'s subsequent mitigation cover transaction which occurred some approximately 15 months after Millicom breached the SPA as to the award of prejudgment interest between the time that the breach occurred and the time that the cover transaction took place.

The statute does not say that prejudgment interest is to be awarded on the sum awarded based on the breach of performance of a contract "after deducting any other future amounts received or net of any future mitigation amounts received" by the non-breaching party. It does not say that or anything like that. This in fact would frustrate the purpose of the statute which is designed to make the non-breaching party whole (*Brushton-Moira Cent. School Dist. v Fred H. Thomas Assoc., P.C.*, 91 NY2d 256, 261 [1998] "Damages are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed."; *NML Capital v Republic of Argentina*, 17 NY3d 250, 266 [2011] holding that the purpose of CPLR 5001 is to provide "for the loss of use of money the [non-breaching party] was owed during a particular period of time"; *see also Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001] "CPLR 5001 (a) permits a creditor to recover prejudgment interest on unpaid interest and principal payments awarded from the date each payment became due under the terms of the promissory note to the date liability is established. This application not only comports with the plain language of the statute that mandates the award of interest to verdict in breach of contract actions, but also is consistent with our long-standing recognition that the purpose of awarding interest is to make an aggrieved party whole" [internal citations omitted]). The benefit that Millicom received based on Telefonica's subsequent cover

---

[1] The parties have agreed that this is appropriate amount of the delta between the price and the cover transaction in certain competing proposed judgments submitted to the Court.

**651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL**                          **Page 2 of 7**
**Motion No.  009**

2 of 7

[* 2]

transaction is reduction of the principal amount due, not elimination of prejudgment interest from the earliest ascertainable date the cause of action existed (*i.e.*, the time the breach occurred) on the sum awarded *because of the breach of performance of the contract* until such cover transaction took place.[2]

A motion for leave to reargue must be based on matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but cannot include any matters of fact not offered on the prior motion (CPLR 2221[d]). A motion for leave to reargue is not intended to provide an unsuccessful party with successive opportunities to present arguments different from those originally presented (*Setters v AI Prop. and Dev. (USA) Corp.*, 139 AD3d 492, [1st Dept 2016], *Foley v Roche*, 68 AD2d 558, 567-68 [1st Dept 1979]). Nor is a motion to reargue intended "to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (*Foley*, 68 AD2d at 567). Where a motion to reargue is addressed to correct purported factual errors, the factual errors must be material and unmistakable (*Mendez v Queens Plumbing Supply, Inc.*, 39 AD3d 260, 260 [1st Dept 2007]).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR § 2221[e]). Although motions to renew are addressed to the court's sound discretion (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d

---

[2] For the avoidance of doubt (and although not the subject of this motion), the Court notes that from the time that the cover transaction took place, the Court shall award prejudgment interest only on the net amount due – *i.e.*, the $60,571,987 representing the delta between the price and the cover transaction. Both parties have agreed

**651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL**                                    **Page 3 of 7**
**Motion No.  009**

22, 27 [1st Dept 1992]), such motions should be "granted sparingly" and are not a second chance for parties who have not exercised due diligence submitting facts in the prior motion (*Beiny v Wynyard (In re Beiny)*, 132 AD2d 190, 209-210 [1st Dept 1987]). Failure to include facts known to the movant at the time of the prior motion but not included in the movant's prior submissions cannot serve as the basis for a renewal motion.

As relevant, by Decision and Order dated February 13, 2024 (the **Prior Decision**; NYSCEF Doc. No. 721), the Court granted Telefonica's motion for partial summary judgment (and denied Millicom's competing motion for summary judgment) holding that there were no issues of fact that Millicom breached the Share Purchase Agreement (the **SPA**; NYSCEF Doc. No. 356) when it failed to close in May, 2020, and awarded the sum of $623 million of damages caused by Millicom's breach. Because Telefonica had some 15 months later entered into a cover transaction for $533 million (and in the meantime received a substantial dividend as a result of its continued ownership of Telefonica's Costa Rican subsidiary), the Court afforded Millicom a credit in such amount by reducing the principal amount then due and indicated that Telefonica could submit judgment on notice.

As relevant, with respect to prejudgment interest **from the time period from the breach up until the cover transaction**, the Court applied CPLR 5001 and held that Telefonica was entitled to prejudgment interest "on the sum awarded *because of the breach*" of $623 million and that Telefonica was entitled to prejudgment interest running from the earliest possible date that the cause of action existed (*i.e.,* the date of the breach) up until the cover transaction took place.

**651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL**
**Motion No.  009**

Page 4 of 7

4 of 7

Millicom now moves for renewal to extent that the Court awarded prejudgment interest based on any legal theory other than statutory prejudgment interest pursuant to CPLR 5001 and to reargue the Court's prejudgment interest award, arguing that this award contravenes the plain language of CPLR 5001. The arguments fail.

As discussed above, with respect to prejudgment interest, the basis for the Court's Prior Decision was CPLR 5001 – not any other legal theory. Inasmuch as this is the only basis upon which Millicom seeks renewal, the branch of the motion seeking renewal is denied.

Reargument is also not appropriate because Millicom fails to show that the Court overlooked or misapplied CPLR 5001.

As discussed above, CPLR 5001 provides in relevant part:

> (a) Actions in which recoverable. Interest shall be *recovered upon a sum awarded because of a breach of performance of a contract*, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

> (b) Date from which computed. *Interest shall be computed from the earliest ascertainable date the cause of action existed*, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

> (c) Specifying date; computing interest. The date from which interest is to be computed shall be specified in the verdict, report or decision. If a jury is discharged without specifying the date, the court upon motion shall fix the date, except that where the date is certain and not in dispute, the date may be fixed by the clerk of the court upon affidavit. The amount of interest shall be computed by the clerk of the court, to the date the verdict was rendered or the report or decision was made, and included in the total sum awarded.

**651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL**                          **Page 5 of 7**
**Motion No.  009**

(CPLR 5001 [emphasis added]).

The breach occurred when Millicom improperly refused to close. This is the "earliest ascertainable date the cause of action existed" (CPLR 5001[b]). At that point in time, Millicom owed Telefonica the $623 million contract price. This is the **"sum awarded** because of a breach of performance of a contract" (CPLR 5001[a]).

Subsequently, some 15 months later, Telefonica mitigated its damages by entering into a replacement transaction for approximately $61 million less. The amount of the judgment is properly reduced by the amount of the mitigation. As discussed above, this is the benefit that Millicom properly receives. The argument that they are entitled to wipe out the interest from the date of the breach to the point of the cover transaction is both contrary to the statute's express language and its purpose and would afford Millicom a windfall. Making Telefonica whole requires an award of prejudgment interest as to the sum awarded because of the breach from the earliest ascertainable date the cause of action existed – *i.e.*, the date of the breach. To hold otherwise, twists logic beyond recognition.

For the avoidance of doubt, it does not matter that the parties' experts agree that the principal amount due Telefonica is reduced by the mitigation of the cover transaction. Lastly, the Court notes that the Court cited *Trehan* as persuasive authority as having correctly applied the principle that the loss of the use of the money is a harm for which the non-breaching party must be compensated by an award of prejudgment interest (NYSCEF Doc. No. 721 at 5, footnote 3; *Trehan v Tuli*, 2016 WL 6775501, at *5 [SDNY Aug. 23, 2016], *report and recommendation*

**651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL**
**Motion No.  009**

**Page 6 of 7**

6 of 7

*adopted*, 2016 WL 6778802 [SDNY Nov. 15, 2016] "The value of the paintings is sufficient to reduce the damages the defendants must pay, but it is not sufficient to compensate Trehan for his inability to use the funds that the defendants should have returned to him.").

The Court has considered the parties' remaining arguments and found them unavailing.

Accordingly, it is hereby

ORDERED that Millicom's motion for reargument or renewal (Mtn. Seq. No. 009) is denied.

20240919135824ABORR0KBA7F5026E49A17F296E786123411F131

| 9/19/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ANDREW BORROK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

651838/2020   TELEFONICA S.A. vs. MILLICOM INTERNATIONAL
Motion No.  009

Page 7 of 7

7 of 7