| **Estate of Walling v Karlstein** |
|:---:|
| 2026 NY Slip Op 30935(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 158656/2017 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**

*Justice*

------------------------------------------------------------------------------X

THE ESTATE OF ALEXANDER R.H. WALLING, BY ITS EXECUTOR, EMILY SOLWAY, EMILY SOLWAY INDIVIDUALLY AND AS SUCCESSOR TRUSTEE OF THE ALEXANDER LEGACY TRUST A/K/A THE ALEXANDER R.H. WALLING LEGACY TRUST, THE ALEXANDER LEGACY TRUST,

Plaintiff,

- v -

IRA S. KARLSTEIN, KARLSTEIN LAW OFFICE, FRANCIS A. COFFEY, HEIBERGER & ASSOCIATES, P.C.,ZIA HASSAN SHAIKH, AMERICA'S RETIREMENT PLANNING PARTNER'S LLC,PROGRESSIVE EQUITY PARTNERS LLC

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 65M |
| INDEX NO. | 158656/2017 |
| MOTION DATE | 02/23/2026 |
| MOTION SEQ. NO. | 018 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 018) 316, 317, 318, 323, 324, 325

were read on this motion to        AMEND/MODIFY DECISION/ORDER/JUDGMENT .

Defendant Zia Hassan Shaikh ("Shaikh"), appearing *pro se*, moves pursuant to CPLR § 2221(d) for leave to reargue this court's decision and orders dated February 9, 2026 (NYSCEF Doc. Nos. 314 and 315), which dismissed all counterclaims asserted by Shaikh and the two limited liability companies with which he was affiliated. Plaintiffs, the Estate of Alexander R.H. Walling and related fiduciaries (collectively, the "Estate"), oppose the motion.

Specifically, Shaikh seeks leave to reargue the court's February 9, 2026 determination dismissing his counterclaims. In substance, he requests that the court reconsider its prior ruling and clarify that the dismissal of quasi-contract claims pursuant to *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 (1987), should not be construed as foreclosing potential contract-based claims arising from alleged written agreements. He further argues that the court misapprehended his standing to pursue claims as a successor-in-interest to receivables purportedly belonging to two dissolved limited liability companies and asks that the dismissal be vacated on that basis. Finally, he seeks leave pursuant to CPLR § 3025(b) to amend his pleadings to assert breach-of-contract counterclaims in his individual capacity.

For the reasons set forth below, the motion is denied in its entirety.

**158656/2017  SOLWAY, EMILY F. vs. KARLSTEIN, IRA S.**
**Motion No.  018**

Page 1 of 5

[* 1]

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from a dispute concerning professional services allegedly rendered by Shaikh and entities he controlled in connection with financial advisory, tax planning, loan-structuring, and estate-related services purportedly performed for the Estate of Alexander R.H. Walling. Shaikh contended that substantial professional fees remained unpaid and asserted counterclaims seeking recovery of approximately $287,418.40, together with interest, sanctions, and attorneys' fees.

The counterclaims were addressed in motion practice culminating in this court's decision and order dated February 9, 2026, which resolved Motion Sequence Nos. 16 and 17. In that decision and order, the court dismissed all counterclaims asserted by Shaikh and the two affiliated limited liability companies. The court concluded that Shaikh had failed to demonstrate the existence of any enforceable contractual agreement supporting the claims asserted and that the theories advanced in the pleadings were framed in quasi-contract. The court further determined that recovery on such theories was unavailable under controlling precedent where the subject matter of the dispute is governed by contract principles.

Following issuance of that decision, Shaikh filed the present motion seeking leave to reargue. The motion does not present newly discovered evidence and expressly relies upon the record previously before the court.

## ARGUMENTS

Shaikh argues that the court misapprehended both the legal effect of its ruling and the scope of the claims previously asserted. He contends that the court's reliance on *Clark-Fitzpatrick* improperly eliminated potential contract claims and that dismissal of quasi-contract claims should not have been interpreted as disposing of any claims that might arise under written agreements. He further asserts that the court misunderstood his standing to pursue claims allegedly belonging to two dissolved limited liability companies of which he was a principal and that he should be permitted to proceed as a successor-in-interest to the receivables of those entities. Finally, he requests leave to amend his pleadings to assert breach-of-contract counterclaims in his individual capacity.

The Estate opposes the motion, arguing that Shaikh identifies no matter of law or fact that the court overlooked and that the motion simply reasserts arguments previously raised and rejected. The Estate contends that the court correctly dismissed all counterclaims and that Shaikh's attempt to assert a new contract theory nearly a decade after the alleged claims arose would be both prejudicial and legally untenable. Plaintiffs further argue that Shaikh has engaged in repeated motion practice seeking identical relief and that the present application constitutes yet another attempt to relitigate issues that have already been decided.

## DISCUSSION

A motion for leave to reargue pursuant to CPLR § 2221(d) is addressed to the sound discretion of the court and must demonstrate that the court overlooked or misapprehended matters

[* 2]

of fact or law in rendering its prior determination. Reargument is not intended to provide an unsuccessful litigant with an opportunity to relitigate issues previously decided or to advance new arguments that could have been raised on the original motion. As the Appellate Division, First Department, has long recognized, a motion to reargue "is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992], *lv denied* 80 NY2d 1005 [1992]; *see also Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979]).

Measured against that standard, Shaikh's motion fails to identify any controlling principle of law or material fact that the court overlooked. Rather, the motion seeks to reframe the claims previously dismissed and to advance new legal theories that were not pleaded in the original counterclaims.

Shaikh's principal argument concerns the court's reliance on *Clark-Fitzpatrick*. That argument is misplaced. In *Clark-Fitzpatrick*, the Court of Appeals held that the existence of a valid and enforceable contract governing the subject matter of a dispute precludes recovery in quasi-contract (*Clark-Fitzpatrick*, 70 NY2d at 388). The rule reflects the fundamental principle that quasi-contract remedies are not available where the parties' rights and obligations are defined by contract. The Court of Appeals has repeatedly reaffirmed this doctrine, holding that a party may not recover under theories of unjust enrichment or quantum meruit where such claims merely duplicate a contract claim (*Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]).

In the present case, the court previously determined that Shaikh failed to establish the existence of any enforceable contractual agreement governing the services for which compensation was sought. Having failed to plead or demonstrate a valid contract, Shaikh sought recovery in quasi-contract. Under the controlling authorities cited above, such recovery is unavailable where the subject matter of the dispute is contractual in nature. Shaikh's present argument—that the court should have permitted contract claims to proceed—does not identify any contract overlooked by the court. Instead, it attempts to introduce a new theory of liability that was never pleaded. Reargument may not be used to advance a new theory of recovery after a claim has been dismissed. (*Matter of Setters v AI Props. & Devs. [USA] Corp.*, 139 AD3d 492 [1st Dept 2016]).

Shaikh seeks "clarification" that the dismissal of his quasi-contract claims under *Clark–Fitzpatrick* should not eliminate any valid contract claims arising from written agreements. But *Clark–Fitzpatrick* itself underscores that if an express contract exists, the claimant must proceed under it and cannot recover in quantum meruit for work covered by that contract. Here, Shaikh's pleading and proof never identified any enforceable written contract with the estate for the claimed services. The February 9, 2026 decision and order held – on proper grounds – that Shaikh had no meritorious quasi-contract claim because the work at issue was covered (or should have been covered) by contract, and that under *Clark–Fitzpatrick* no recovery is permitted unless there is a valid contract. As the Estate correctly noted, *Clark–Fitzpatrick* bars unjust enrichment or quantum-meruit recovery whenever an express contract covers the dispute. Here, Shaikh effectively admitted that the services were rendered pursuant to agreements – he sought the contract remedies. He simply failed to plead or prove those agreements as written contracts.

158656/2017   SOLWAY, EMILY F. vs. KARLSTEIN, IRA S.
Motion No.  018

Page 3 of 5

It is far too late to salvage those claims by reargument. Shaikh now contends, in essence, that he should be allowed to treat his counterclaims as contract claims. But he never alleged any contract in his answer, nor did he attach any written agreement to his motion papers. The proper time to advance a breach-of-contract theory was at the pleading or summary judgment stage, not in a reargument motion. Even assuming *arguendo* that valid written contracts existed (as Shaikh claims), *Clark–Fitzpatrick* would then allow contract damages, but would likewise continue to bar duplicate quantum-meruit claims. And if no enforceable writing exists (for example, if the parties agreed orally or by loose letter), then *Clark–Fitzpatrick* would bar recovery altogether. In either case, Shaikh's attempt to use reargument to conjure up new contract claims is untenable. A court will not grant reargument simply to allow a party to pursue an alternate theory that was never pled. Allowing Shaikh to "carve out" contract claims now would defeat the very purpose of *Clark–Fitzpatrick* and reward his failure to litigate properly. It would also unfairly prejudice the Estate by subjecting it to years of additional litigation over claims that should have been raised long ago. Accordingly, no clarification or modification of the prior order is warranted on this point.

Shaikh also contends that the court misapprehended his standing to pursue claims allegedly belonging to two dissolved limited liability companies. That contention is equally without merit. Under New York law, causes of action belonging to a limited liability company are assets of the entity and must ordinarily be asserted in the name of the company or by a duly authorized representative (*Tzolis v Wolff*, 10 NY3d 100, 103-104 [2008]). A member of an LLC does not automatically acquire standing to assert claims belonging to the company in his individual capacity (*Yudell v Gilbert*, 99 AD3d 108, 114 [1st Dept 2012]).

Moreover, upon dissolution, an LLC retains the capacity to prosecute claims as part of the winding-up process (*Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 130 [2d Dept 2010]). Shaikh has not demonstrated that the alleged claims of the LLCs were validly assigned to him personally or that he otherwise possesses the legal authority to pursue them individually. The court therefore correctly concluded that Shaikh lacked standing to assert such claims in his personal capacity.

Shaikh's request for leave to amend pursuant to CPLR § 3025(b) must also be denied. While leave to amend should generally be freely granted, such leave may properly be denied where the proposed amendment is palpably insufficient, devoid of merit, or would result in undue prejudice (*Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]; *MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]). Here, Shaikh seeks to assert contract claims nearly nine years after the alleged services were rendered and only after the court has dismissed his prior counterclaims. Courts routinely deny leave to amend under such circumstances (*Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 25 [1st Dept 2003]).

Permitting amendment at this late stage would cause substantial prejudice and would undermine the finality of the court's prior determination. Moreover, the proposed amendment appears futile given the absence of documentary evidence establishing the existence of a binding contractual agreement. Accordingly, leave to amend is denied.

Shaikh has failed to demonstrate that the court overlooked or misapprehended any controlling fact or law in rendering its February 9, 2026 decision and order. The motion therefore constitutes an impermissible attempt to relitigate issues that have already been decided.

Accordingly, it is hereby

ORDERED that defendant Zia Hassan Shaikh's motion for leave to reargue pursuant to CPLR § 2221(d) is denied in its entirety; and it is further

ORDERED that defendant's request for leave to amend his pleadings pursuant to CPLR § 3025(b) is denied; and it is further

ORDERED that the court's decision and orders dated February 9, 2026 remain in full force and effect; and it is further

ORDERED that the parties are directed to appear for a status conference before the court in Room 308 of the courthouse located at 80 Centre Street, New York, New York on Tuesday May 19, 2026, at 2:15 PM.

This constitutes the decision and order of the court.

20260311143423HKING068F706C9B004E0980D74E851043FDF4

__3/11/2026__
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158656/2017   SOLWAY, EMILY F. vs. KARLSTEIN, IRA S.**
**Motion No.  018**

**Page 5 of 5**

5 of 5